ARATHEMA GOODWIN *vs.* DANIEL BURNS *et al.*, AND CHARLES SCHEURMAN *vs.* DANIEL BURNS *et al.*

1. Error in a decree can not be notice on a motion to set aside a foreclosure sale.

2. A notice dated and first published December 12, 1867, for sale under decree January 18, 1868, is not sufficient, according to the common practice of the Court.

3. The land having been " struck off" to a bidder, and the bidder and Commissioner having separated without any notice that the sale would be reopened at a subsequent hour on any contingency, the notice of sale was spent, and a postponement for a week, on such bidder refusing to pay, by inserting notice of such postponement in the newspaper in which th original notice was published—irregular.

4. But objection for such irregular notice will be waived if not made promptly after the irregularity is known.

*Bay Circuit, in Chancery.*

*By the Court*, SUTHERLAND, J.—Petitions have been filed in beh: lf of Daniel Burns to set aside two sales of the same mortgaged premises, under the decrees for foreclosure in these

GOODWIN *v.* BURNS — SCHEURMAN *v.* BURNS.

causes: He and wife were mortgagors, and the other parties were severally mortgagees, in three mortgages, which amounted to about $2,900, with costs and taxes, at the time of the sales. The decree in the first case was made on the 23d day of August, 1867, for $731.25, on the first mortgage made to the complainant in that case to secure a contract of indemnity, and to pay certain moneys to a third person for her benefit, $300 of which, at the date of the decree, was not due  That decree directed a sale of so much of the mortgaged premises as should be sufficient to satisfy the decree, with costs, but subject to the payments thereafter to become due.

The petition asks that the sale under that decree be set aside, on the ground among others, that no reference was directed by the Court to ascertain the situation of the mortgaged premises, and the same was not determined on oral or other testimony; that the premises could have been sold at far better advantage if divided up into smaller parcels, and a small portion would sell for enough to satisfy the complainant's claim  See § 3575–3579, *C. L.*

Whatever might be the merit of this objection, taken in season and for another purpose, the decree is not void. It has been enrolled, and can not now be vacated for a rehearing—*Benedict vs. Thompson, W l., Ch.* 446—nor reversed on appeal. The Court had jurisdiction of the subject and parties, and if the statute relating to the practice in the exercise of that jurisdiction has not been followed, the error can only be taken advantage of by some proceeding which involves a review of the decree. The petition, now under consideration, is not viewed as the decree. While the decree stands, a sale in conformity to it will be valid. See *Bullard vs. Greer,* 10 *Mi h.,* 268. Another ground of the motion, in respect to the sale in the first case, is an alleged irregularity in the notice of sale—it is claimed that the notice was not published the requisite time. Six weeks' notice by publication previous to the sale is required by the practice, and the decree required notice "according to the course and practice of the Court." *Ireland vs. Woolman,* 15, *Mich.,* 253. The first insertion was December 12th, 1867, and the time fixed for the sale was January 18th, 1868. This

was short and insufficient notice. *Olcott vs. Robinson* 20 *Barb*, 148 (*See Sheldon vs. Wright*, 7 *Barb*. 39:) The premises were offered by the Commissioner at the time mentioned in the notice, and were bid off for a sum equal to the decree and costs: thereupon the bidders and Commissioner parted without any adjournment of the sale, to be re-opened on any contingency, being announced. That sale was not consummated; it was abandoned by direction of the complainant's solicitors, and the sale postponed to the 25th of the same month, by inserting notice of it in the same newspaper in which the original notice of sale was published. On that day the sale was again postponed by oral announcement, for three days; and on this adjourned day a sale was made for $100 to the complainant's solicitor.

A sale having been apparently made on the day fixed in the first notice, and no other time being there mentioned for it to be again opened, the bidders then present would not be likely to look for any advertised postponement. The notice of sale was spent when the property was struck off, and the bidders and Commissioner separated. Had the Commissioner, on the property being struck off, given oral notice that if the sale to that bidder should not be consummated, the property would be again offered at another specified hour, he could at that time, if occasion required, put up the property for sale again; or adjourn the sale to another day. This would be the proper practice.

Is Burns now entitled to complain of the insufficient notice. The rule in equity as well as at law requires a party against whom an irregular and voidable proceeding has been taken, to take immediate steps, after he is aware or chargeable with notice of the irregularity, to set aside that proceeding. Irregularity only technical. *Wal. Ch. R.* 309 ; 2 *John. Ch.* 247.

Burns had notice of the postponement to the 25th day of Jan., before that date, and of other facts sufficient to put him on inquiry in respect to the irregular and defective notice. He did not lose the privilege of redemption by reason of any surprise caused by the mode or time of the notice.

The usual order of confirmation was made on the 13th day of April, 1868, and nearly six months elapsed afterwards, be-

fore the petitions were filed. ' The property, at the date of sale, was not worth over twenty-five per cent. more than the incumbrances on it then held for collection by the Complainant's Solicitors who bid in the property. At the time of filing the petitions, it was worth from fifty to seventy-five per cent more.

These circumstances, if considered apart from the other grounds of the motion, would obviously require the court to hold that the irregularity was not seasonably complained of and is therefore waived.

But if it were true that Burns was absent from Bay City at the time of the sale, and Complainant's Solicitors had agreed not to sell until his return, as the petitions allege; that the Complainant's Solicitors stated that understanding to the Commissioner at the sale, and that in proceeding to a sale in Burns' absence they would fullfil their agreement by buying in the property to save costs, and holding it for a year subject to redemption by payment of the mortgage debts and costs; and if it were also true, that the delay had arisen by his reposing on the faith of being permitted to redeem, such delay would be no prejudice to the motion.

These facts are substantially alleged in the petitions and are relied on as the princpal basis of the applications; if true there is no doubt of their sufficiency.

The showing however satisfies me that the only agreement related to the sale noticed for the 18th of Jan.; that Burns returned before the 21st; was in Bay City on that day; and was informed that one sale was postponed to the 24th, and that the other would be made on the 21st unless he satisfied the debt.— It is clear also, that there was no agreement for any other postponement; nor any announcement made to the Commissioner at either sale, that Burns would be permitted at any time after the sale to redeem *this* property.

The charge that the Complainant's Solicitors discouraged competition at the sales by disparaging the title, is not supported. Had the fact existed, it would be capable of direct proof by some person present and influenced by it.

The bids were very low.; but it appears to be conceded that mere inadequacy of price is not a sufficient ground for opening

a sale. Two of the mortgage debts have been released and the other satisfied by Scheurman, in whose behalf the purchases were made, and who was finally the owner of both decrees in these cases.

The defendant Burns is at liberty to accept these releases and take them from the files.

The prayer of the petitioner is denied, but without costs.

[The foregoing opinion has been affirmed by the Supreme Court.—Ed. " N. P."]