PERCY T. COOK, ADMINISTRATOR OF THE ESTATE OF ADDISON P. COOK, DECEASED, v. DAVID S. FRENCH ET AL.

| 96 | 525 |
|-----|-----|
| 98 | 73 |
| 96 | 525 |
| 104 | 272 |
| 96 | 525 |
| e128 | 619 |
| 96 | 525 |
| 137 | 505 |

*Equity practice—Decree pro confesso—Bill of review—Recording laws—Bona fide purchaser.*

1. *Ex parte* proceedings by a complainant, taken after the defendant has entered his appearance and demanded a copy of the bill, but without giving notice to the complainant's solicitor, and of which the defendant has no notice or knowledge until after a *pro confesso* decree has been taken for want of an appearance, are irregular and void.

2. Where a grantee records his deed before a mortgage given by his grantor on the purchase of the land has been recorded, of which mortgage he has notice, his grantee, who receives his deed after the mortgage has been recorded, takes his title subject to the equities of the mortgagee.

3. A purchaser of land must ascertain at his peril whether a decree setting aside a prior mortgage was warranted or not, and he cannot claim immunity, as a *bona fide* purchaser, from the effect of a subsequent order setting aside the decree as unwarrantably entered; citing *Ritson v. Dodge*, 33 Mich. 463.

Appeal from Kent. (Grove, J.) Argued June 21 and 22, 1893. Decided July 25, 1893.

Bill to review a decree canceling a mortgage. Defendant French appeals. Decree affirmed. The facts are stated in the opinion.

*Loyal E. Knappen* and *Arthur C. Denison,* for complainant.

*Spaulding & Walbridge,* for appellant, contended:

1. There are no fatal irregularities in the proceedings. The subpoena was duly served, and the defendant should have appeared within 20 days after August 20, 1884. An appearance, under the statute, contemplates, not the mere entry of an order in the register's office, but notice to the other party; citing How. Stat. § 6636; and, as the defendant never appeared, he was not entitled to notice; citing *Warner v. Juif,* 38 Mich. 665.

2. No affidavit of non-appearance was necessary; citing *Low v. Mills,* 61 Mich. 44.

3. Cook, by not appearing, admitted the allegations of the bill, and the taking of proofs was not warranted by the practice; citing Dan'l Ch. Pr. (Perkins' ed.) 506, and note; *Ward v. Jewett,* Walk. Ch. 45; *Covell v. Cole,* 16 Mich. 223.

4. Bills of review are filed for errors of law apparent on the face of the decree, and for matters *dehors* the record; citing 1 Barb. Ch. Pr. 369; Story, Eq. Pl. §§ 404, 407; Puter. Ch. Pl. & Pr. (Mich.) 264; *Ryerson v. Eldred,* 23 Mich. 537; *Taylor v. Boardman,* 25 Id. 527. There is no error on the face of the decree, and there is no newly-discovered evidence of the claim made by this complainant, that the conveyance to Marshall by Kerr was fraudulent. Addison P. Cook knew as much about it 10 years before filing his petition for leave to file this bill as he did then, and for this reason the bill should be dismissed. The failure to appear and introduce this evidence during the pendency of the suit was culpable want of diligence; citing *Taylor v. Boardman,* 25 Mich. 527; and the case made by complainant shows inexcusable negligence in looking after his business, and nothing more; citing *Clark v. Circuit Judge,* 40 Mich. 167.

*John W. Champlin,* of counsel, for appellant.

LONG, J. This is a bill of review filed in the circuit court for Gratiot county, in chancery. The cause was subsequently removed to the circuit court, in chancery, for

Kent county, where it was heard upon the merits, and a decree entered granting the relief prayed for by complainant.

It appears that Addison P. Cook was on May 22, 1876, the owner in fee of the E. ½ of the S. W. ¼ of section 4, township of Hamilton, Gratiot county. He then resided in Jackson county. William Kerr, who resided in Gratiot county, had previously purchased from Mr. Cook an 80-acre tract in the township of North Star, Gratiot county. He had paid for this 80 acres in full. On May 22, 1876, Kerr visited Mr. Cook at his home, and purchased from him the 80-acre tract in the township of Hamilton for $1,200, paying $27 down, and giving back a purchase-money mortgage for $1,173, bearing date the same day as the deed, covering both the North Star and Hamilton parcels. Cook gave Kerr a warranty' deed of the Hamilton land. Kerr immediately left for home, taking his deed with him. Mr. Cook sent the mortgage by mail to the register of deeds of Gratiot county. Kerr, early in the morning of the 24th, drove to the residence of William J. Marshall, of Gratiot county, several miles from his home, and about five miles from Ithaca, and made an arrangement with Marshall to deed him both parcels of land. Kerr went to Ithaca, had the deed made to Marshall, reciting a consideration of $2,000, and placed on record. He also put on record the deed from Cook to himself. These papers were recorded in the office of the register of deeds about 9 o'clock in the morning of the 24th. On the afternoon of the same day, the register of deeds received through the mail the mortgage given by Kerr to Mr. Cook, and recorded it. August 1, 1882, Marshall sold the North Star 80 to Homer N. Pember. March 19, 1884, Pember sold to defendant French. February 18, 1888, French conveyed by warranty deed to defendant McRoberts, and McRoberts conveyed to defendant Steinhammer. McRoberts, on his purchase, gave back to French a

purchase-money mortgage, which mortgage French afterwards assigned to defendant Robert H. Lee.

It appears, further, that on May 8, 1884, defendant French filed a bill in the circuit court, in chancery, of Gratiot county, against Addison P. Cook, to cancel the mortgage given by Kerr to Cook. Subpœna was issued, and personally served on Mr. Cook. September 13, thereafter, Cook entered his appearance in the cause, but no notice was served on the complainant's solicitors; and on September 19 affidavits of non-appearance and regularity were filed by complainant's solicitors, and upon which a decree was entered December 12, 1884, canceling the Cook mortgage. It was after the decree was entered that French deeded to McRoberts.

Addison P. Cook died intestate ·April 15, 1889, but before his death he had filed a' petition for leave to file a bill of review in the proceedings commenced by French, which leave was granted to his administrator, who filed this bill June·1, 1890. Proofs were taken before a commissioner, and on the hearing the court below made a decree setting aside the decree made in 1884, canceling the Cook mortgage, and also decreeing that the Cook mortgage was a valid and subsisting lien upon the premises, having priority in point of time and in law to the deed given by Kerr to Marshall. The court below further found that Marshall, at the time of taking the conveyance from Kerr, had notice of the Cook mortgage, and was not a *bona fide* purchaser of the premises as against the mortgage. French alone appeals.

The decree below must be affirmed.

1. It is evident that Marshall, when he took the deed from Kerr, had actual knowledge of the Cook mortgage. We need not set out the evidence which leads to this conclusion. Kerr testifies to it, and, while Marshall denies

all knowledge of it, yet we think the manner in which the deed was made, and corroborating circumstances, strongly show the fact.

2. The proceedings by French, under his bill to set aside the Cook mortgage, were irregular and void. The affidavit of non-appearance was filed, and the proceedings to default were taken, after Mr. Cook had caused his appearance to be entered, and no notice was given him of any proceedings thereafter. The first notice he had was that another parcel of land belonging to him had been sold to satisfy the costs in that case.

3. Mr. Marshall, having notice of the Cook mortgage, was not a good-faith purchaser, as against the mortgage.

4. When French acquired his title, the mortgage from Kerr to Cook was on record in the office of the register of deeds, and this was notice to him of the claim that Cook made upon the premises. He therefore took his title subject to any equities which Cook had under the mortgage.

5. It is claimed that Cook was guilty of laches in not commencing proceedings to enforce the priority of his mortgage lien over the Marshall deed. We think no such laches have been shown. He insisted to Marshall that he should claim such priority. Marshall held the title until 1882, and after French acquired it, and attempted by his proceedings to remove the cloud and cancel the mortgage, Mr. Cook appeared in the cause. He was guilty of no misconduct, nor did he encourage any of the parties that he was making no claim. There are many excusing features showing why Cook did not sooner move, if, in fact, he was bound to assert his rights sooner. Marshall threatened suit, but never commenced it, though Cook asserted his rights. The case is governed by *Mickle v. Maxfield*, 42 Mich. 304; *Johnson v. Shepard*, 35 Id. 115. The court

below, in granting leave to file a bill of review, did not find any such laches, and we fail to discover from the circumstances why such should be imputed to him.

Those who purchased from French are resting satisfied with the decree below. They have not appealed. They, apparently, are willing to rely upon the covenants in their deeds from French. But, were this not so, they could claim no immunity, as subsequent purchasers, from the effect of the subsequent order setting the decree aside. *Ritson v. Dodge,* 33 Mich. 463. Purchasers buy at their own risk as to the validity of a decree. *McGoren v. Avery,* 37 Mich. 120.

The decree of the court below must be affirmed, with costs.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., did not sit.