JOHN JENKINSON v. THE AUDITOR GENERAL AND MRS. FRANK ROBERTS.

*Taxes — Sale — Report—Validity of deed — Decree—Setting aside sale—Payment of judgment.*

1. Certain provisions of the tax law of 1889, relating to the sale of delinquent tax lands, are construed as follows:

  *a*—The report of sale required to be made by the county treasurer, when filed with the county clerk, where the statute contemplates it is to remain, operates as notice to all parties concerned, and said report cannot be regarded as having been thus filed when it is attached to the tax record, which the statute requires, after the entry of decree, to be delivered to the county treasurer, in whose office it is thereafter to remain.

  *b*—Although the filing of said report is chronologically a condition subsequent to the sale, such filing, for the purposes of giving effect to the deed and the vesting of title, must be treated as a condition precedent.

  *c*—The purchaser is bound to see that the law has been complied with, and the report of sale cannot, after the period of redemption has expired, be amended.

  *d*—The failure to enter an order *pro confesso* before decree is a mere irregularity.

  *e*—Where the statutory decree is signed by the judge, counter-signed by the clerk, and entered in the chancery record, the statute in that regard is fully satisfied.[1]

2. The purchaser of certain State tax lands applied to the circuit court, in chancery, in which the tax proceedings were had, for a writ of assistance to put her into possession of the land, whereupon the original owner of the land filed a counter petition to set aside the sale and deed because of certain alleged defects in the proceedings to foreclose the tax lien. Notice of the hearing of the petition was given to the Auditor General and the purchaser. Objection was made that, inasmuch as the

---

[1] For cases involving questions arising in proceedings under the tax law of 1889 for the sale of delinquent tax lands, see *Cole v. Shelp*, 98 Mich. 56, and note; *Millard v. Truax*, 99 Id. 157; *Watts v. Bublitz*, 99 Id. 586; *Fowler v. Campbell*, 100 Id. 398; *Taylor v. Deveaux*, 100 Id. 581.

rights of a third party had intervened, the remedy of the petitioner was by an independent bill. And it is held that the object of a separate proceeding is to bring in the intervening party; that the purchaser was already before the court in the original proceeding, and no good reason exists why the questions raised may not be disposed of in said proceeding.

3. In such a case the decree setting aside the sale should require the petitioner to refund to the purchaser the amount by him paid, with interest.

Appeal from St. Clair. (Vance, J.) Submitted on briefs October 4, 1894. Decided February 12, 1895.

Petition to set aside a sale and deed of certain lands for the taxes of 1889. Respondent Roberts appeals. Decree modified and affirmed. The facts are stated in the opinion.

*Hovey & Muir,* for appellant.

*Frank Whipple,* for petitioner.

McGRATH, C. J. Petitioner's lands were sold for the taxes of 1889 under Act No. 195, Laws of 1889, and bid in by the State. Mrs. Frank Roberts took a deed from the State, and upon demand for possession and application for a writ of assistance the petition herein was filed, praying that notice be given to the Auditor General and the purchaser, and that the sale be set aside.

Section 62 of the act provides that—

" On the first Monday of May the county treasurer shall commence the sale of those lands mentioned in the decree upon which the amounts charged shall not have been paid, and shall continue the same from day to day, Sundays and other legal holidays excepted, until so much of each parcel shall be sold as shall be sufficient to pay such amounts. Each parcel described in the decree shall be separately exposed to sale, and the sale shall be made to the person offering to pay the amount charged against such parcel in the decree, and accept a conveyance of the smallest undivided fee-simple interest therein. No greater interest in any parcel shall be sold than is sufficient to

pay the amount charged thereto. If no person will offer to pay the amount charged against any parcel of land, and take a conveyance of less than the entire thereof, then the whole parcel shall be sold. * * * If any parcel of land cannot be sold for taxes, interest, and charges, such parcel shall be passed over for the time being, and shall on the succeeding day, or before the close of the sale, be reoffered; and if, on such second offer, or during such sale, the same cannot be sold for the amount aforesaid, the county treasurer shall bid off the same in the name of the. State."

Section 66 provides that—

" As soon as possible after the conclusion of any sale, and within 20 days after the day named in the notice for the commencement thereof, the county treasurer shall make and file with the clerk of the court a report of such sale, therein referring to such tax record for the particulars thereof. All sales shall stand confirmed subject to the right of redemption provided for in section 64, unless objections thereto are filed within eight days after the time limited for filing such report, without the entry of any order of further notice."

Upon a leaf of the tax record the following writing appears:

"STATE OF MICHIGAN.
"*The Circuit Court for the County of St. Clair. In Chancery.*
"TREASURER'S OFFICE OF ST. CLAIR COUNTY.
"PORT HURON, May 20, 1892.
" I hereby certify that the foregoing is a full and complete report of the sale made by me for the taxes of 1889 and previous years, and that in all cases where the amounts belonging to any descriptions are placed in the column headed 'Amount Bid to the State' that such descriptions were bid off to the State by me according to law; also that those descriptions entered as withheld were withheld by me from sale for the reasons set opposite them respectively; and I refer herein to the foregoing tax record for the particulars of such sale.
"HENRY F. MARX, County Treasurer.
" Received and filed May 20, 1892.
"THOMAS GLEASON, Deputy Register."

Under section 58, after the entry of the decree, the tax record is to be delivered to the county treasurer, in whose office it is thereafter to remain. The statute contemplates that the treasurer's report of sale shall be filed with the clerk, and shall be and remain in that office. When so filed, it operates as notice to all parties concerned. It cannot be regarded as having been thus filed when attached to a record which the statute says shall remain with the county treasurer. Although the filing of the report is chronologically a condition subsequent, a compliance with the statutory requirements is essential to the validity of the sale, and the report is the evidence of such compliance. For the purpose of giving effect to the deed, and vesting the title, the filing of the report must be treated as a condition precedent. *Millard v. Truax*, 99 Mich. 157. The subject is fully considered, and the authorities collected, in 1 Blackw. Tax Titles, § 641 *et seq.*, and in Black, Tax Titles, § 303 *et seq.* The purchaser is bound to see that the law has been complied with, and the report cannot now, after the period of redemption has expired, be amended. Id.

It is further urged that no order *pro confesso* was entered before decree. This, however, was a mere irregularity.

It is next contended that the decree, after the entry upon the journal, was not thereupon signed by the judge and countersigned by the clerk, under section 57. A decree was prepared, signed by the judge, countersigned by the clerk, and entered in the chancery record. We think that the statute has been fully satisfied.

The claim is made that no tender or profert of the amount of the tax or decree was made, and that the decree entered does not impose the refunding of the amount paid by the purchaser as a condition of the relief granted. The objection raised by the answer is that petitioner does not offer to refund to Mrs. Roberts the

amount paid by her. Section 66 provides that, if a sale is set aside, the county treasurer shall refund to the purchaser the amount of his bid, with interest. We think, however, that the petitioner should have been required to pay and discharge the judgment, and the decree will be modified accordingly.

It is finally contended that, inasmuch as the rights of a third party have intervened, the remedy of the petitioner is by an independent bill, and not by petition in the same proceeding. The proceeding to obtain a decree and sale was upon the chancery side of the court. The statute permits the purchaser to apply to the court for a writ of assistance, and she did so apply. She was then before the court in that proceeding. Petitioner thereupon filed a counter petition, and the matter was heard thereupon. The object of a separate proceeding is to bring in the intervening party. She was already before the court in that proceeding, and no good reason exists why the questions may not be disposed of therein.

The decree, with the modification suggested, is affirmed, with costs of this Court to defendant.

The other Justices concurred.