IN THE MATTER OF THE PETITION OF THE AUDITOR GEN-
ERAL OF THE STATE OF MICHIGAN FOR THE SALE OF
CERTAIN LANDS IN ALCONA COUNTY FOR THE
TAXES OF 1889.    MARTHA J. BENE-
DICT v. THE AUDITOR GENERAL
AND ABSALOM BACKUS, JR.

| 104 | 269 |
| f119 | 48 |
| 119 | 50 |
| e119 | 330 |

| 104 | 269 |
| e 120 | 456 |
| 120 | 635 |
| 120 | 701 |

| 104 | 269 |
| 128 | 619 |

| 104 | 269 |
| s62ᴺᵂ | 364 |
| 130 | ¹684 |

*Taxes—Proceedings against delinquent lands—Parties—Notice—
Proof of publication—Jurisdiction—Opening decree.*

1. All owners of land described in the Auditor General's petition for the sale of delinquent tax lands, whether named or not, and whether brought in by personal service of subpoena or by publication of the statutory notice, are parties to the tax proceedings; and the court may, at any time prior to the enrollment of a decree by default, entertain the petition of such an owner to alter or vacate said decree, notwithstanding the purchase of the land from the State by a third party in reliance thereon.[1]

2. 3 How. Stat. § 1170*i*4, which provides that no tax, or sale of property for any tax, shall be rendered or held invalid by showing that any record, statement, certificate, affidavit, paper, or return cannot be found in the proper office, and, unless the contrary is affirmatively shown, the presumption shall be that such record was made, and such certificate, statement, affidavit, paper, or return was duly made and filed, does not apply to the proof of the publication of a copy of the Auditor Gen-

---

[1] For cases involving questions arising in proceedings under the tax law of 1889 for the sale of delinquent tax lands, see *Jenkinson v. Auditor General*, 104 Mich. 34, and note.

eral's petition for the sale of delinquent tax lands, and the notice in relation thereto, required by 3 How. Stat. § 1170ƒ4, to be filed before any final order is made in the tax proceedings.

3. The printer of the newspaper in which the copy of the tax petition for the sale of lands delinquent for the taxes of 1889, and the notice relating thereto, were claimed to have been published, testified that he remembered printing a notice of the pendency of said petition; that it was published in his paper December 3, 10, 17, 24, and 31, 1891; that the proof, within a week after the last publication, was delivered to the clerk of the circuit court, and filed. The clerk testified that he did not know of any such proof being filed; that, if any was on file at the time he gave his testimony, he did not know of it; that he was not certain that any was filed, but thought it was; that he had no record showing the filing of any such paper. And it is held that, if this testimony can be held sufficient to raise a presumption that the proof was filed, the testimony of the printer did not show that any *sufficient* proof was filed; that it was a mere statement that notice of the pendency of the petition was published in said paper; that, even if such testimony was admissible, it fell short of showing a proper publication of the required notice.

Appeal from Alcona.    (Simpson, J.)    Submitted on briefs January 25, 1895.    Decided March 5, 1895.

Petition to set aside a decree for the sale of certain lands in Alcona county for the taxes of 1889.    Petitioner appeals.    Order reversed, and tax decree vacated.    The facts are stated in the opinion.

*Avery Bros. & Walsh*, for petitioner.

*O. H. Smith* and *R. J. Kelley*, for defendants.

HOOKER, J.    Martha J. Benedict, the petitioner, a resident of Port Huron for many years, filed her petition in the circuit court for the county of Alcona, asking that the decree theretofore entered by said court in the matter of the petition of the Auditor General of the State of Michigan for the sale of certain lands for the taxes assessed thereon for the year 1889 be vacated.    Upon such sale the

land in controversy was purchased by the State, and later was sold to Absalom Backus, Jr., who, with the Auditor General, is made a party to the petition, and appeared and contested the claim of the petitioner in the circuit court.

The petition shows that the petitioner and others were owners by inheritance of a tract of land of which that in controversy was a part, theretofore owned by her father, one' Kilmaster; that in the year 1889 the land was partitioned by the heirs, and she received a deed of her portion, said deed being dated in November, 1889; that, up to the time of said partition, the entire tract was occupied, possessed, and controlled by some of her co-owners, and she was informed and believed, when she received her deed, that all back taxes were paid, and she had no' knowledge to the contrary until a short time before she filed her petition, when she learned that the land had been sold to the State for the tax of 1889. She alleges several grounds upon which she claims the decree to be invalid.

The petition fails to show how or to whom said land was assessed for the year 1889. It does not state that petitioner had ever been informed that the taxes for the year 1889 had been paid. She received her deed several weeks before the taxes for that year could have been paid. Apparently the non-payment was through an oversight upon her part. It remains to inquire whether the proceedings to enforce payment were regular.

At the outset, counsel for the defendants assert that the petitioner has not sought a proper remedy. She was a party to the proceedings, as are all owners of land described in the Auditor General's petition, whether named or not, and whether brought in by the publication of the statutory notice or by personal service. As between her and the State, the court might at any time hear her upon petition, unless a point had been reached. when it had no longer authority to vacate or alter its decree. A decree by

default may be opened within a reasonable time on show-
ing an adequate excuse, and this must generally be within
the sound discretion of the court. *Graham v. Elmore,*
Harr. Ch. 265; *Russell v. Waite,* Walk. Ch. 31; *Hart v.
Lindsay,* Id. 72, 74; *Brewer v. Dodge,* 28 Mich. 359; *Low
v. Mills,* 61 Id. 44, and cases cited; *Mickle v. Maxfield,* 42
Id. 313. It appears to be conceded that the case had not
been enrolled, which permits a vacation of decree upon
petition. *Maynard v. Pereault,* 30 Mich. 160; *Mickle v.
Maxfield,* 42 Id. 313; *Low v. Mills,* 61 Id. 41; *Barnes v.
Circuit Judge,* 97 Id. 212. A party is not deprived of
this remedy by the fact that third parties have purchased
in reliance upon the decree. Such persons purchase at
the risk that the decree may be set aside. *Ritson v. Dodge,*
33 Mich. 463; *McGoren v. Avery,* 37 Id. 120; *Cook v.
French,* 96 Id. 525, 530.

The alleged defects relied upon are as follows:

1. That no order *pro confesso* was entered.
2. That no proof of publication of the statutory notice
was filed before the decree was made.
3. That no valid decree for the sale was ever made and
entered, and none is of record.
4. That no certified copy of the decree was annexed to
the tax record and handed to the treasurer prior to the
sale.
5. That the decree never was enrolled.
6. That the county treasurer made no report of sale,
and none was ever filed with the county clerk.

In the absence of any allegation to the contrary, we
must assume that the land was not listed in the name of
the petitioner. She did not receive her deed on partition
until after the time for making the assessment. So far as
we can discover, her name may not have appeared on the
roll, and the register could not be expected to issue a
subpoena against her, and none was in fact served. In
that case she would be brought in by publication, and the
first requisite would be proof of publication. But the case

fails to show any such proof. An attempt is made to supply it by the testimony of a printer, who says:

"I remember printing a notice of the pendency of a petition of the Auditor General for the sale of delinquent taxes for 1889. They were published in my paper. The taxes of 1889 were published December 3, 10, 17, 24, and 31 of the year 1891. The proof was delivered to the clerk of the circuit court for this county, and filed. I delivered the proof within a week after the last publication. The thing that fixes the fact of my delivering that proof of publication to the register is that the publishers of the delinquent tax lists are required to secure from the county clerk a receipt that he has received the affidavit of publication, and that has to be filed with the Auditor General of the State of Michigan, and that is a part of the contract with the printers. I cannot get my pay without filing that receipt. I got my pay."

Section 1170ƒ4, 3 How. Stat., provides that "proof of the publication of the notices herein required shall be filed before any final order is made." The clerk testified that he did not know of any proof of publication being filed, and, if any was on file at the time he gave his testimony, he did not know of it. He was not certain that any was filed. He thought there was, but did not know, and had no record showing the filing of any such paper.

If this testimony could be said to be sufficient to raise a presumption that it was filed, the testimony of the printer did not show that any sufficient proof was filed. It was a mere statement that notice of the pendency of the petition was published in his paper. Even if such testimony was admissible, it fell short of showing a proper publication of the required notice.

It is urged that section 85 of the tax law of 1889 (3 How. Stat. § 1170*i*4) applies, which provides that—

"No tax, or sale of property for any tax, shall be rendered or held invalid by showing that any record, statement, certificate, affidavit, paper, or return cannot be found

104 MICH.—18.

in the proper office; and, unless the contrary is affirmatively shown, the presumption shall be that such record was made, and such certificate, statement, affidavit, paper, or return was duly made and filed."

In our judgment, this section does not apply to an affidavit of publication in the proceeding to adjudicate the tax delinquent.

The record fails to show jurisdiction, and the decree must be vacated; the order of the circuit court denying the prayer of the petition being reversed, with costs to petitioner.

The other Justices concurred.