## SPAULDING *v.* O'CONNOR.

1. TAX SALES—AFFIDAVIT OF PUBLICATION—SUFFICIENCY.

   An affidavit of publication in a tax proceeding is not void because it refers to the petition of the auditor general and the order of hearing thereon, copies of which are attached to the affidavit, as the "annexed printed notice."

2. SAME.

   In such case, where the copy attached consists of a single newspaper clipping, in which the order precedes the petition, it will be presumed that the publication was made in the same order.

3. SAME—DECREE—EVIDENCE.

   The entry of a tax decree in the chancery record, with the name of the circuit judge attached, countersigned by the register, and the date of filing appended, is sufficient evidence that a decree was duly made and filed, although no decree is found in the files of the court, nor any entry thereof upon the calendar.

4. SAME—SETTING ASIDE SALE—GROUNDS FOR.

   Under section 70 of the tax law of 1893 (Act No. 206, Pub. Acts 1893), providing that the practice with reference to setting aside sales shall be the same, so far as applicable, as in cases of mortgage foreclosure, but that no sale shall be set aside after confirmation except where the taxes were paid or the land was exempt from taxation, a sale will not be set aside after confirmation, either on petition or bill of review, except for one of the reasons specified, or (under *Benedict* v. *Auditor General,* 104 Mich. 269) for defects going to the juris diction.

Appeal from Monroe; Kinne, J.  Submitted October 21, 1898.  Decided December 13, 1898.

Bill by Dewitt C. Spaulding and Clarence A. Lightner against William O'Connor and Roscoe D. Dix, auditor general, to review a tax sale.  From a decree setting aside the sale on terms, all parties appeal.  Reversed.

119  45
f119  104

119  45
120  457
120  635

119  45
121  74
121  83
121  85
a121  665

119  45
123  385

119  45
124  258
f124  277

119  45
128  619

119  45
s77NW  323
e130  4684
e130  4685
130  4686

119  45
s77NW  323
133  4474
133  4477

119  45
137  504
137  505
137  506

119  45
140  207

119  45
138  4414
138  4584

119  45
142  4126

119  45
147  4688

119  45
155  505

119  45
157  4416

*Keena & Lightner* (*John H. Goff* and *Willis Baldwin*, of counsel), for complainants.

*C. H. Rose*, for defendants.

HOOKER, J.   In 1891, Vahey owned the premises in question, and gave to Spaulding a mortgage upon them. In 1892, Vahey deeded to Bishop, and the land was assessed to him in 1892, and in March of that year he paid the delinquent taxes for 1891.   Spaulding foreclosed his mortgage, and received a sheriff's deed in 1894.   He ascertained in 1896 that Bishop had not paid the taxes, and that O'Connor claimed to own the land under a tax deed, and he wrote to the auditor general and county treasurer in relation to the same, and paid the amount due for redemption for the year 1893.   In May, 1896, Spaulding executed and delivered to Lightner, as security for indebtedness due from him to Keena & Lightner, a warranty deed of the premises.   O'Connor refused to accept a tender of $50 for his interest under the tax sale for taxes of 1892, and, the proceedings having been enrolled, Spaulding obtained leave to file a bill of review in January, 1897.   With this order this court refused to interfere, and the cause was heard, resulting in a decree setting aside O'Connor's deed, but requiring the payment by complainants to O'Connor of $100 in addition to the amount paid by him for taxes and interest.   Both parties have appealed.

In support of the decree, counsel urge that there was a want of jurisdiction in the tax proceeding, and that no decree was filed.   The first point is based upon the affidavit of publication, which is as follows:

"STATE OF MICHIGAN, }
     County of Monroe.  } ss.
"Fred D. Elmer, being duly sworn, says that he is foreman of the Monroe Commercial, a newspaper published and circulated in said county of Monroe, and that a notice of which the annexed printed notice is a true copy has been duly published in said paper once each week for four

successive weeks; and the first publication thereof was on the 5th day of October, A. D. 1894.

"FRED D. ELMER.

"Sworn and subscribed to before me, this 2d day of November, A. D. 1894.

"D. T. ELMER, Notary Public."

Two points are made against it, viz. : That it does not show that copies of the petition and order of hearing were published, but that a notice was published; and that it does not show that the order preceded the petition, as required by law. An inspection of the original affidavit shows that it has attached to it a single clipping from a newspaper, and nothing else, and that upon this clipping the order and petition are printed in the order specified. The affidavit calls them a notice, which they are, in a sense; but it is also obvious that they are the instruments required by law to be published, and nothing else, and, being upon a single piece of paper, we should do violence to common sense did we not understand the statement that the document was a copy to show that they were published in the order shown by the copy. It is obvious that the "notice attached" is a clipping from the newspaper of one of the publications. It conforms to the statute, and we think the proof of publication should not be held invalid because it calls the copies of the order and petition "a notice," when the papers attached clearly show the statute to be complied with. *Garner* v. *Wallace*, 118 Mich. 387.

No decree is found upon the files of the court, nor is there a calendar entry of a decree. There is, however, an entry of a decree in the chancery record, with the name of the circuit judge attached, countersigned by the register, with the date of filing appended. To our minds this is sufficient evidence that a decree was duly made and filed, and its contents are preserved as required by law. It is as convincing evidence of its filing as a calendar entry would be, and better evidence of its contents. We must assume that the register followed the requirements of the law, by entering the decree after it was made, signed, and

filed, rather than to conclude that he entered a fictitious decree.

These appear to be the principal questions discussed in the complainants' main brief. A second brief asserts that the property was excessively assessed, and that the tax was $2.24 more than it should have been. This is disputed, but we do not investigate the question, because it was settled by the decree. We are asked to open these proceedings upon the claim that the petition is filed within one year after the complainants received notice of confirmation of the sale. The statute (Act No. 206, Pub. Acts 1893, § 70) provides that "no sale shall be set aside after confirmation, except in cases where the taxes were paid or the property was exempt from taxation. In such cases the owner may move the court, at any time within one year after he shall have notice of such sale, to set the same aside, and the court may so order upon such terms as may be just." This case is not within the classes mentioned as exceptions to the prohibition, and it is not our province to enlarge the statute.

It is urged that, under the general chancery practice, the court has power to open a decree, upon petition, at any time before enrollment, and to set it aside upon bill of review filed after enrollment. In the case of *Benedict* v. *Auditor General*, 104 Mich. 271, we held that a decree might be opened upon petition in ordinary chancery cases before enrollment, and in that case the decree was set aside in such a proceeding upon the ground that the court did not acquire jurisdiction. Section 70 of the tax law provides that—

"All sales shall stand confirmed, * * * unless objections thereto are filed within eight days after the time limited for filing the report of sale. * * * The practice with reference to setting aside such sale shall be the same, so far as applicable, as in a sale in equity on the foreclosure of mortgages: *Provided*, no sale shall be set aside for inadequacy of price, except upon payment of amount bid upon such sale, with interest and costs: *And provided, further*, that no sale shall be set aside after

confirmation, except in cases where the taxes were paid or the property was exempt from taxation. In such cases the owner of the lands may move the court at any time within one year after he shall have notice of such sale," etc.

The practice of setting aside sales upon foreclosure is not a statutory one, but is done in the exercise of a power essentially equitable, inherent in the court of chancery. Its exercise is not limited to cases where there is irregularity, but, where the sale is not void, special circumstances appealing to equitable considerations must exist. *Page* v. *Kress*, 80 Mich. 85 (20 Am. St. Rep. 504); *Pewabic Mining Co.* v. *Mason*, 145 U. S. 349. Not only must there be equitable considerations to move the court, but there must also be an absence of laches. *Lyon* v. *Brunson*, 48 Mich. 194; *Goodwin* v. *Burns*, 21 Mich. 211; *Bullard* v. *Green*, 10 Mich. 268; *Leonard* v. *Taylor*, 12 Mich. 398. And a much stronger case must be made out after confirmation than before it. *Bullard* v. *Green*, *supra*. It is this practice that the legislature has attempted to deal with in the section quoted, and has limited the power of the court to set aside sales for irregularities, except in two classes of cases, to the period preceding confirmation. This does not necessarily limit the time to eight days after sale, as the confirmation may be deferred. If we hold that a sale may be set aside for irregularities other than the two excepted, upon petition filed after confirmation, we shall have difficulty in finding a purpose for this provision, and in such case it might as well have been omitted from the law. Section 73 is cited as a basis for the claim that the legislature could not have meant to so limit the right to move to set aside the sale by petition, because under that section it fixes a period of five years in possession as a period after which no sale can be set aside by any court; but we are of the opinion that this provision is in effect a statute of limitation, and, after the running of that statute, a possession under a sale upon a void decree protects the occupant.

In the *Benedict Case, supra,* we have recognized that a sale upon proceedings without jurisdiction might be set aside upon petition, and by doing so we have necessarily determined that the prohibition in section 70 did not apply to that kind of a case. In that case the sale and all proceedings were absolutely void for want of jurisdiction, and no title could be acquired upon such sale except in cases where a possession of five years would preclude attack upon it, under section 73. It was held by this court in the case of *Crawford* v. *Tuller,* 35 Mich. 57, that one who attacks a judicial sale as invalid after strangers have acquired rights under it must do so by some original proceeding, in which an issue can be formed and tried in the ordinary way, and the persons concerned brought in as parties. Under the facts shown in the *Benedict Case,* the sale and deed were void, and might have been attacked in a suit to remove a cloud or upon ejectment. Perhaps it would have been a more technically correct course had we dismissed the petition in that case as precluded by section 70, leaving the petitioner to proceed in another way to get rid of the cloud upon his title. That course, however, would have left the question undetermined, and, as all of the parties were before the court, there seemed to be no obstacle to a disposition of the case, except a rule of equity practice and a technical and strict construction of section 70. We are of the opinion that a reasonable construction of that section may exclude jurisdictional questions from its terms, as was done in *Benedict* v. *Auditor General, supra.* But other defects in the procedure, which are mere irregularities, and therefore do not make the decree void, cannot be excluded, if we give any effect whatever to the statute. We may also be justified in inferring that section 70 was designed, not only to permit the setting aside of sales to the end that a fairer sale might be made, but that it was intended to relieve a party against any sale in a meritorious case within its terms; and that the practice by petition might be resorted to before confirmation, in case of a want of jurisdiction,

to declare the entire proceeding void, cannot be doubted. That being so, we see no reason to deny the remedy after confirmation, upon the ground merely that the procedure is irregular.

Complainant held a mortgage upon these premises from 1891, and obtained title under a sheriff's deed made in 1894; yet the taxes were delinquent from 1892, and he gave himself no concern about taxes until informed of the defendant's deed. It is true that the defendant has acquired title to this land for a nominal sum, and the complainant's interest has been sacrificed, and the sympathies of courts as well as the public go towards the loser in such cases, notwithstanding the fact that inexcusable negligence may alone have made the situation possible; but we are not at liberty to allow such questions to enter into the disposition of causes.

The decree of the circuit court is reversed, with costs of both courts.

The other Justices concurred.