THOMAS v. AUDITOR GENERAL.

1. TAXES — SETTING ASIDE SALE — RELIANCE OF OWNER ON PRIOR DECREE.

A tax sale will be set aside at the suit of a landowner who had no actual notice of the proceedings, and who had previously obtained, in a court of competent jurisdiction, what he believed to be a valid decree setting aside the tax.

2. SAME—EQUITY PRACTICE—PARTIES.

Owners of distinct parcels of land affected by the same tax may join in a bill to set it aside as invalid.

3. SAME.

The auditor general is not a necessary party to a bill to set aside a township tax.

Appeal from Gogebic; Haire, J. Submitted April 18, 1899. Decided July 5, 1899.

Petition by Samuel Thomas and John W. Sterling against Roscoe D. Dix, auditor general, John R. Moore,

and Charles E. Miller, prosecuting attorney, to set aside a tax sale. From a decree for petitioners, defendant Moore appeals. Affirmed.

*M. J. Sherwood* and *A. E. Miller*, for petitioners.

*Frank F. Kutts* and *Charles M. Humphrey*, for appellant.

LONG, J. The land in controversy, situated in the township of Bessemer, county of Gogebic, was assessed in the year 1892 for certain state, county, township, highway, school, "old highway," and other taxes; and, while the roll was still in the hands of the township treasurer, the taxes were all paid, except one-half of the highway tax, and the so-called "old highway" tax. Subsequently the lands were returned delinquent for this unpaid one-half of the highway and the old highway tax. In June, 1894, the owners of land in this township, who had all paid in the same way all taxes but these two, joined in a bill against the township, asking that the one-half of this highway tax and the old highway tax for the year 1892 be decreed to be illegal and void, and the lands freed from the lien of these taxes, and the cloud created thereby removed. The appearance of the township was entered by solicitor, a copy of the bill served upon him, and, no answer being made by the township, its default was taken, and a decree rendered on August 16, 1894, as prayed for in the bill. The auditor general was not made a party to this proceeding. It appears that these lands were returned delinquent for these taxes of 1892, and in July, 1894, the auditor general filed his petition for the sale of the lands. The order on the petition fixed the time for hearing as of August 27th, which was 11 days after the decree of the circuit court declaring the taxes illegal and void. No appeal had been taken from that decree. The decree on the auditor general's petition was rendered September 28, 1894. In December, 1894, the land in controversy was sold under the auditor general's proceedings,

bid in by the State, and on March 22, 1897, purchased by, and deeded to, defendant Moore by the auditor general. It was found by the court below that the petitioners here, who are the owners of the land in controversy, had no knowledge of the sale of the lands in the proceedings by the auditor general, or that defendant Moore claimed any title to them, until May 17, 1897, when an agent of petitioners accidentally noticed the publication of an order on a bill filed by defendant Moore to quiet title. On ascertaining this, the petitioners presented a certified copy of the decree of the circuit court of August 16, 1894, to the auditor general, who on July 20, 1897, issued a certificate of error canceling the tax deed to the lands held by defendant Moore. Petitioners then filed this petition. Defendant Moore appeared, proofs were taken, and the court below made a decree setting aside the tax deed, and vacating the decree entered on the auditor general's petition. Defendant Moore appeals.

While many questions are raised and discussed by the defendant, but two or three need be noticed. The petitioners had prosecuted their bill to have these taxes declared void to a decree in the circuit court in chancery in Gogebic county. The defendant township appeared in that case, and no appeal was taken. The petitioners rested upon their supposed rights under that decree. The defendant contends that the proceedings under that decree and the decree itself are void on their face. The proceedings were had before a court of competent jurisdiction, and that court, by its decree, held that the taxes were void. The owners of the land rested upon that. No actual notice was given to them of the filing of the auditor general's petition, or of any of the proceedings taken thereunder. It is true that the usual notice was published upon the filing of the auditor general's petition, but the owners of the land, having taken the proceedings to set the taxes aside, had no reason to anticipate that any such proceedings would be taken, as the decree was not appealed from. They had paid all the taxes they considered valid, and had a right to suppose

that the whole controversy in reference to the taxes was ended. The case falls in principle within the cases of *Hand* v. *Auditor General*, 112 Mich. 597; *Hough* v. *Auditor General*, 116 Mich. 663; *Carpenter* v. *Jones*, 117 Mich. 91; *Kneeland* v. *Wood*, Id. 174. In those cases it appeared that the parties had made every proper effort to pay the taxes assessed, and were misled by the officers having the matter in charge. In the present case, the parties had taken the steps which the law points out to rid themselves of an invalid tax, and free the land from the incumbrance thereof. They rested upon what they thought to be a valid and proper decree. The township had notice of this proceeding, and appeared therein. These were township taxes solely, and no other governmental subdivision had any interest in them. The state and county taxes had been paid for that year. We shall, however, refer briefly to the contentions of defendant.

It is claimed that, in the bill against the township, there was a misjoinder of complainants. The complainants had each paid all taxes on their lands except one-half of the highway tax and the old highway tax. They each had the same interest in the proceedings. They were each similarly affected by what they claimed to be the illegal tax. The tax was assessed at the same time on each parcel, and under the same statute, by the same assessing officer. It is settled in this State, under such circumstances, that the parties may join as complainants in a bill to set aside illegal taxes. *Scofield* v. *City of Lansing*, 17 Mich. 437; *Zabel* v. *Harshman*, 68 Mich. 270; *Turner* v. *Hart*, 71 Mich. 139.

It is also contended that the auditor general was a necessary party to the proceedings against the township to set aside these taxes. This contention cannot be sustained. The township taxes, as soon as assessed, became a debt due to the township, and the county treasurer, in making the sale, bid in the lands " in the name of the State, for the State, county, and township, in proportion to the taxes, interest, and charges due each."

These last propositions, however, have no significance in the present case.   We are satisfied to rest our ruling in affirming the decree below upon the proposition that the petitioners had the right, under the circumstances, to rely upon the decree setting aside the taxes.

The decree of the court below must be affirmed, with costs to the complainants.

The other Justices concurred.