McGINLEY *v.* CALUMET & HECLA MINING CO.

HALL & MUNSON CO. *v.* AUDITOR GENERAL.

TAX SALES—VALIDITY OF DECREE—PREMATURE ADJOURNMENT OF COURT.

A decree for the sale of land for taxes is void where, having entered it, the court adjourned for the term on the fourth day after the day fixed for hearing the auditor general's petition for the sale, even though the day following the date of adjournment was Sunday; the landowner being entitled, under section 66 of the tax law of 1893, to five secular days after such day of hearing in which to ask permission to file objections to the tax. *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87, followed.

Appeals from Luce; Steere, J.  Submitted April 18, 1899.  Decided July 11, 1899.

Bill by Charles A. McGinley and Frank Gregory against the Calumet & Hecla Mining Company, the Hall & Munson Company, and Frank Perry to quiet complainants' title to lands claimed by them under a tax deed. From a decree dismissing the bill, and granting affirmative relief to defendants Hall & Munson Company and Perry, complainants appeal.  Affirmed.

Petition by the Hall & Munson Company and Frank Perry against Roscoe D. Dix, auditor general, Charles A. McGinley, and Frank Gregory to set aside the tax sale in question.  From an order dismissing the petition, petitioners appeal.  Reversed.

*M. J. Sherwood,* for McGinley and Gregory.

*E. S. B. Sutton* (*John H. Goff* and *Humphrey & Grant,* of counsel), for Hall & Munson Company and Perry.

MONTGOMERY, J.  These two cases involve the same question, namely, whether a sale of certain lands in the township of McMillan, Luce county, for the taxes of 1893, under a decree of the circuit court for Luce county, in chancery, made November 16, 1895, is valid.  We need consider but a single question.  The day of hearing fixed by the order of the court, notice of which was published, was November 12th.  The court, after entering a decree on the 16th day of November, adjourned without day. This avoids the decree, under our decision in *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87, to which we adhere, unless, as is contended by counsel for the purchasers under the tax deed, the fact that the next day after the date of adjournment was Sunday affects the question.  The point made is that as the owners would have had but five days after the first day of the term in

which to ask permission to file objections, and as court could not sit on Sunday, they had the full four preceding days, and all the time they were entitled to. We think, however, the owners were entitled to five secular days. *Simonson* v. *Durfee*, 50 Mich. 81; *Caupfield* v. *Cook*, 92 Mich. 626.

The complainants' bill will be dismissed, and petitioners in the direct proceeding will be entitled to have the decree vacated upon payment of the taxes and interest, which it appears by their petition they have offered to pay, and will recover costs of one proceeding.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, C. J., did not sit.