## AZTEC COPPER CO. *v.* AUDITOR GENERAL.

| 128 | 615 |
|---|---|
| s87NW | 895 |
| 132 | 4265 |
| 132 | 4266 |

| 128 | 615 |
|---|---|
| 137 | 503 |
| 137 | 506 |

| 128 | 615 |
|---|---|
| 143 | 3241 |

| 128 | 615 |
|---|---|
| 147 | 4686 |

| 128 | 615 |
|---|---|
| f155 | 6506 |

1. EQUITY PRACTICE—MOTION TO DISMISS PETITION—APPEAL.
   A motion to dismiss a petition to vacate a tax decree cannot be regarded as a demurrer, and an order denying it is not reviewable on appeal from a decree granting the petition.

2. SAME—EX PARTE AFFIDAVITS.
   *Ex parte* affidavits filed with the court at the time of settling a decree cannot be considered on appeal.

3. TAX SALES—VALIDITY—PREMATURE DECREE.
   A tax sale is void where five days of court did not intervene between the day fixed for hearing the auditor general's petition and the date of the decree, thereby depriving landowners of the right given them by 1 Comp. Laws, § 3889, to apply for leave to file objections to the tax.[1]

4. SAME — SETTING ASIDE SALE — LANDS HELD BY STATE UNDER FORMER BID.
   A tax sale will be set aside on petition where the land was held by the State under a former bid at the time of the filing of the auditor general's petition, and, under the statute, should not have been included therein. *Connecticut Mut. Life Ins. Co. v. Wood*, 115 Mich. 444, followed.

5. SAME—LACHES.
   A petition to set aside a tax sale for jurisdictional defects will not be dismissed on the ground of laches, where it is filed within 10 months after petitioner learned of the sale, and within a few days after he ascertained the names and addresses of the persons interested therein.

6. SAME—REIMBURSEMENT OF PURCHASER.
   A tax sale should not be set aside for defects in the proceedings without requiring the petitioner to reimburse the purchaser.

Appeals from Ontonagon; Haire, J. Submitted October 8, 1901. Decided November 12, 1901.

Petitions by the Aztec Copper Company against Roscoe D. Dix, auditor general, Albert F. Cook, and others, to set aside certain tax sales. From decrees for petitioner, respondents appeal. Modified and affirmed.

[1] See, on this subject, *Allen* v. *Cowley, ante,* 530.

*M. J. Sherwood*, for petitioner.

*Gordon & Kimmis* (*John A. McKay*, of counsel), for respondents.

MOORE, J.  There are six of these cases, argued as one. They are brought for the purpose of setting aside six decrees in relation to unpaid taxes for six different years. All of the respondents, except the auditor general, are persons who have bought the title of the State to the lands in dispute, and have taken deeds therefor.  The record discloses in the respective proceedings to obtain a decree the following dates of hearing and decree:

| Date of Hearing. | | Date of Decree. |
|---|---|---|
| 1889. | February 2, 1892. | February 5, 1892. |
| 1890. | October 18, 1892. | February 6, 1893. |
| 1891. | October 23, 1893. | October 23, 1893. |
| 1892. | October 16, 1894. | November 12, 1894. |
| 1893. | October 15, 1895. | November 4, 1895. |
| 1894. | October 27, 1896. | October 31, 1896. |

The matter was brought to the attention of the court by separate verified petitions in each of the tax decrees, setting forth the grounds upon which petitioner alleges that the decree of the court was rendered without jurisdiction, and praying that the tax decrees should be vacated, and that the deeds issued thereunder should be decreed void.  Upon presentation of these petitions to the circuit judge, February 7, 1900, orders were made that respondents show cause why the prayer of the petitions should not be granted. Service of the petitions and orders was made in accordance with the said order on each of these respondents, and upon the hearing of the petitions, which occurred on June 5, 1900, the respondents appeared specially by W. D. Gordon, their solicitor, and moved to dismiss the petitions for several reasons, the principal one of which was want of jurisdiction to hear them.  After argument the circuit court ordered the petitioner to proceed with its petitions, and to submit its proofs in support thereof, taking the motions to dismiss petitions under advisement.  Proofs were taken

against objection of respondents. On the 20th of July, 1900, the circuit judge handed down an opinion dismissing the motions to dismiss, and granting the prayer of the petitions, but ordering petitioners to amend the verification of petitions *nunc pro tunc.* This petitioner did on August 15, 1900. September 12, 1900, a decree was settled; a separate decree being made in each one of the proceedings of the auditor general, decreeing that the tax decree in each proceeding was rendered without jurisdiction in the court to make the same. At the time the decree was signed at chambers, counsel for petitioner was not present; but respondents were represented by Mr. Gordon, who protested against the making of the decree, and moved the circuit judge at chambers to make no final decree, and to make an order permitting the respondents to then appear generally and to answer the petitions, or to appeal to the Supreme Court, and in support of that introduced the affidavits of John S. Porter and William D. Gordon, with certain exhibits. Neither motion nor exhibits were served on petitioner's solicitor, and have never been served on him. From the decree entered by the circuit judge the case is brought here by appeal.

Upon the hearing here the respondents seek to have the court review:

*First.* The order of the court dismissing their motion to dismiss the petitions of the petitioner.

*Second.* The refusal of the court to grant the *ex parte* motions of respondents made September 12th, at the settling of the decree, to be permitted to appear generally and answer the petitions, and to treat the motions to dismiss as demurrers.

*Third.* The decree granting the prayer of the petitions.

The motion to dismiss was in no sense a demurrer; and we do not think in this proceeding we can consider the *ex parte* affidavits which were filed with the judge at the time of the settling of the decree.

The important defects relied upon to invalidate the decrees are: *First,* that they were, respectively, prematurely entered; and, *second,* that the lands had been pre-

viously sold, and were held as State tax lands for the taxes of the previous year or years.

Five days did not intervene between the date fixed for the hearing and the date of the decree in any of the cases except the one for the tax of 1893. It is insisted the decrees were invalid for that reason; counsel citing *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 87 (76 N. W. 161); *McGinley* v. *Mining Co.*, 121 Mich. 88 (79 N. W. 928). These cases sustain the claim of counsel.

As to the decree for the tax of 1893, it is said that, though five days intervened between the date fixed for the hearing and the granting of the decree, as these lands had been previously sold, and were then held as State tax lands, the auditor general had no right to include them in his petition, which was the basis of the decree. This question was fully discussed in *Connecticut Mut. Life Ins. Co.* v. *Wood*, 115 Mich. 444 (74 N. W. 656), which case sustains the contention of petitioner.

It is the claim of respondents that petitioner is guilty of such laches that the court ought not to vacate the decrees; citing *Cook* v. *Hall*, 123 Mich. 378 (82 N. W. 59). In that case petitioner rested two years after he knew the State had sold its interest to the respondents, and rights of third persons had intervened. The circuit judge filed a written opinion in the case at bar, and discussed this feature of the case in the following language:

"This leaves only one question of any importance to be decided, viz.: Can the petitioner be heard at this time, the taxes not having been paid, and the property not being exempt from taxation? Respondents rely upon section 70 of the general tax law (1 Comp. Laws, § 3893), which reads as follows:

"'That no sale shall be set aside after confirmation, except in cases where the taxes were paid or the property was exempt from taxation. In such cases the owner of such lands may move the court, at any time within one year after he shall have notice of such sale, to set the same aside, and the court may so order upon such terms as may be just.'

"And they contend that the court has no jurisdiction to hear the petitions, because more than one year has elapsed since the several decrees were made. It is, however, admitted on both sides that, if the application to set aside a decree is made within a reasonable time, it will set aside the decree and sale in case of an entire lack of jurisdiction. See *Cook* v. *Hall*, 123 Mich. 378 (82 N. W. 59).

"It has been held that a decree may be set aside by petition after one year, where the court had no jurisdiction to make it, provided the petitioner shows strong equities in his favor, and was not guilty of laches. See *Spaulding* v. *O'Connor*, 119 Mich. 45 (77 N. W. 323); also *Benedict* v. *Auditor General*, 104 Mich. 269 (62 N. W. 364). This rule is under the general equity practice, independent of the statute above quoted, and hence the questions naturally arise: What is a reasonable time? And was the petitioner guilty of laches in these cases? What has our court held on the question of reasonable time? Petitioner's solicitor cites all of the important cases where petitions to set aside decrees have been granted, viz.: In the case of *Benedict* v. *Auditor General*, 104 Mich. 269 (62 N. W. 364), it was held that a decree by default may be opened within a reasonable time on showing an adequate excuse, and this must generally be within the sound discretion of the court; and a party is not deprived of this remedy by the fact that other parties have purchased in reliance upon the decree. In this case the decree was rendered in 1892 for the taxes of 1889, and the petition to vacate the decree was not filed until 1895. In the case of *Cook* v. *French*, 96 Mich. 529 (56 N. W. 101), petition to vacate a decree was filed some five years after decree; the ground being, as in the case at bar, want of jurisdiction. The case of *Jenkinson* v. *Auditor General*, 104 Mich. 34 (62 N. W. 163), is practically the same. And in the case of *McGinley* v. *Mining Co.*, 121 Mich. 88 (79 N. W. 928), the land was sold in 1895 for the taxes of 1893. Notice of the sale was given to the owners in February, 1896, when they attempted to file their deed. The land was purchased in 1897 by McGinley. Tax deed was issued to him, and petition was filed to vacate the sale and deed to McGinley in March, and was heard in June, 1898. In the case of *Thomas* v. *Auditor General*, 120 Mich. 535 (79 N. W. 812), tried by this court below, the sale was made in 1894 for the taxes of 1892, and petition to vacate decree was not brought until 1898. The petition was

granted by the lower court, and the decree set aside, although several years had elapsed after the making of the decree.

"From above and other cases it also seems clear that parties cannot be guilty of laches until notice of the sale and purchase has become known to the parties, and from that time only can laches be imputed. In the case at bar it is undisputed that notice of the sale of its lands was brought to the attention of the petitioner's agent in the spring of 1899; that afterwards there was some correspondence with several parties carried on by petitioner's solicitors, to ascertain who were the parties interested in these tax titles; that, within two or three days after ascertaining the names of the parties defendant, petitioner filed its petition. This state of facts, in the opinion of the court, shows a reasonable diligence, and does away with the charge of laches in bringing suit. As compared with the cases of *Thomas* v. *Auditor General* and *Cook* v. *French*, and others cited above, it shows extraordinary diligence. It appears, then, that, applying the decisions above cited to the facts in these cases, the application to set aside the decrees was made in reasonable time, and petitioner has not been guilty of appreciable laches."

We agree with the court below that petitioner has not been guilty of such laches as to preclude the court from setting aside the decrees.

The petitioner did not offer in its petition, nor during the progress of the trial in the court below, to reimburse the respondents for the amount paid by them to the State at the time of their purchase, and the decrees rendered by the court below did not require this to be done. In *Connecticut Mut. Life Ins. Co.* v. *Wood*, 115 Mich., at page 454 (74 N. W. 659), it is said, in a like case to this, "If, as in the present case, the taxpayer petitions the court in chancery in the auditor general's proceedings, the court will compel him to do equity." See, also, *Jenkinson* v. *Auditor General*, 104 Mich. 34 (62 N. W. 163); *McGinley* v. *Mining Co.*, 121 Mich. 88 (79 N. W. 928). In his supplemental brief in this court, counsel offers to pay the respondents the amount paid by them at the time of their purchase, with interest, if the court deem it equitable and

right. We think the petitioner ought to be required to do this before the decrees are vacated, and, when it is done, that the decrees should be vacated. In view of this peculiar situation, we decline to give costs to either party.

MONTGOMERY, C. J., HOOKER and LONG, JJ., concurred. GRANT, J., did not sit.