[Nos. 16728, 16729, 16730.   Department One.   January 23, 1922.]

WILLIS R. BIRGE *et al., Respondents,* v. IVAN CUNNINGHAM, *Appellant.*

CHARLES W. HATTON, *Respondent,* v. IVAN CUNNINGHAM, *Appellant.*

FRED STAVOSKY *et al., Respondents,* v. IVAN CUNNINGHAM, *Appellant.*[1]

WATERS AND WATER COURSES (92)—IRRIGATION—ASSESSMENTS—REDEMPTION—PERSONS ENTITLED TO REDEEM. A landowner's association, formed to look after the individual interests of a large number of owners of property within an irrigation district extending through three counties, may properly redeem the lands of a member from sale for delinquent irrigation assessments where such action is either authorized or ratified by the landowner, since the act of the association is not the intermeddling of a stranger.

SAME (92)—SALE OF LAND—RETURN AND RECORD—STATUTES. Where a county treasurer as ex-officio treasurer of an irrigation district sells lands within the district to satisfy delinquent assessments, his failure to file a duplicate certificate of sale in the office of the county auditor of the county in which the land is situated, as required by Rem. Code, § 6442, invalidates the sale, since the filing of such certificate in the proper county is an essential element of the sale.

Appeal from judgments of the superior court for Yakima county, Taylor, J., entered January 8, 1921, in favor of the plaintiffs, in actions to quiet title to real property, tried to the court.   Affirmed.

*Cordiner & Cordiner,* for appellant.

*Stephen E. Chaffee* and *R. John Lichty,* for respondents.

[1]Reported in 203 Pac. 954.

MITCHELL, J.—These three cases are similar so far as the questions for decision are concerned. The suits were brought to quiet the owners' title to real property the defendant claimed to own by virtue of deeds of purchase at the sale of the property for delinquent assessments due the Horse Heaven Irrigation District. There were judgments for the plaintiffs, and the defendant has appealed.

Two features of the cases are controlling and enough to be considered. The irrigation district embraces lands within the counties of Yakima, Benton and Klickitat. The property involved in these suits is in Yakima county. It was assessed by the irrigation district for the year 1916, and upon the assessments becoming delinquent, the treasurer of Benton county, as ex-officio treasurer of the irrigation district purporting to follow the statutory plan (which provides no judicial proceeding), attempted to sell the property to satisfy the delinquent assessments. The property was struck off to the appellant's grantor at the treasurer's sale. Upon the expiration of the period for redemption, the purchaser made application to the treasurer for deeds to the property. They were refused and the purchaser advised that the Horse Heaven Land Owners' Association (a voluntary unincorporated company) had redeemed the property for the owners within the statutory period. The purchaser at the tax sale refused the redemption money, and by proceedings in court, wherein neither the landowners nor the Horse Heaven Land Owners' Association, or any of its officers or members was a party, compelled the treasurer of Benton county to issue deeds to him.

In our opinion, the redemption was effective. The landowners' association was formed and maintained to look after the individual interests of the large number of owners of property within the district during

the organization of the district and the troublesome war times immediately following. It held frequent meetings, it seems, in Benton county (the home of the irrigation district's activities), at which as many as fifty of its members were often present. Its members contributed money that was used for its purposes, although not until the present time had it redeemed property from delinquent tax assessment sales for its members. On this occasion the president and secretary-treasurer of the landowners' association looked after the redemption of this and a quantity of other lands situated within the district that had been sold at the tax sale. The payment of the redemption money was made by the bank check of the secretary-treasurer of the landowners' association as such. The president and secretary of the association both testified there was no purpose or intention on their part by the payments to attempt to acquire any interest in or lien upon the lands for the benefit of the association or themselves, but that it was done only and solely for the benefit of the owners. The property owners, respondents here, although they had not requested the president and secretary of the landowners' association to make the redemption for them (in fact, it does not appear that they, living elsewhere than the county in which the tax sale had been attempted, knew that the sale had been made), promptly ratified what had been done for them and repaid the landowners' association the money furnished in making the redemptions.

There is no quarrel with the authorities cited by appellant upon the subject of redemption that "a mere stranger cannot meddle with it. . . . Unless this rule were established it is evident that any third person who might suppose a tax purchaser to have secured a good bargain could relieve him of it and ap-

propriate its benefits to himself by simply paying the redemption money.'' The president and secretary of the landowners' association were not officious intermeddlers. They were not trying to appropriate any benefits to themselves, but were only looking after the personal interests of others for whom they were acting, and whose acts in so doing were promptly ratified by such others.

Again, in support of the judgment: Section 6442, Rem. Code (P. C. § 3223), as to how sales shall be conducted, among other things, provides:·

''After receiving the amount of assessments and costs, the county treasurer must make out in duplicate a certificate, dated on the day of sale, stating (when known) the names of the persons assessed, a description of the land sold, the amount paid therefor, that it was sold for assessments, giving the amount and year of the assessment and specifying the time when a purchaser will be entitled to a deed. The certificate must be signed by the treasurer and one copy delivered to the purchaser, and the other filed in the office of the county auditor of the county in which the land is situated.''

Certainly, the provision is important to one whose land within the district is situated in a county different from that one in which the sale is made, and it is undisputed a substantial part of the provision was not complied with in these cases. Indeed, no attempt was made to comply with it. It is argued by the appellant, however, that his deed, compelled by a law suit in which the owner was not a party, is conclusive against this alleged irregularity because of the latter portion of § 6445, Rem. Code (P. C. § 3226), that the treasurer's deed is conclusive evidence of all the proceedings from the assessment, inclusive, up to the execution of the deed. (It is confessed by appellant the statute

should be construed as if it read "all the *other* proceedings, etc.") We take no occasion to consider here whether the legislature has the power, in face of the requirement of due process of law, to say that a tax deed issued by a collector or other administrative officer may be sufficient to close the mouth of a property owner who has not been given his day in court by the details of the operative statutes at some time prior to the issuance of the deed. The omission of the treasurer of Benton county complained of here—the failure to file a duplicate of the certificate of sale of these lands with the auditor of Yakima county—pertains to the making of the sale itself. "The report or return of the officer who has made a tax sale, setting forth his doings and the particulars of the sale, is an essential element of the sale." 37 Cyc. 1364. Section 6445, Rem. Code (P. C. § 3226), says the deed is *prima facie* evidence that "(5) At a proper time and place the property was sold as prescribed by law and by the proper officers." Naturally the question arises, what need is there of a statute which provides that a tax deed is *prima facie* evidence of an antecedent step if, upon showing in a given case such step was not taken, it may still be successfully contended the deed is valid?

The return of sale, or filing a duplicate of the sale with the county auditor, in this class of cases is not analogous to the return upon an execution, where the authority of the officer is derived from the judgment and execution. The return is necessary in order to enable the owner to determine upon his course of action, and as it is beneficial to him that a return should be made, that return becomes an important prerequisite, and unless it is made in the mode prescribed by law, no title can pass to the purchaser at the sale. *Landis*

*v. Vineland,* 61 N. J. L. 424, 39 Atl. 685; *Martin v. Barbour,* 140 U. S. 634, 35 L. Ed. 564; 37 Cyc. 1365.

"The statute contemplates that the treasurer's report of sale shall be filed with the clerk. When so filed it operates as notice to all parties concerned. Compliance with the statute is essential to the validity of the sale." *Jenkinson v. Auditor General,* 104 Mich. 34, 62 N. W. 163; *Judevine v. Jackson,* 18 Vt. 470.

Similar in principle is the case of *Albring v. Petronio,* 44 Wash. 132, 87 Pac. 49, which was a case of the sale of real property to pay an assessment levied against it for a public improvement. The statute required the certificate of purchase to be recorded in the auditor's office, and also required that the holder, during the period of redemption, pay all taxes and public charges against the property, whether the same be for state, county, city or town purposes. It was held the statute must be strictly construed. The holder of the certificate never paid any general taxes during the period of redemption, of which the court said:

"We think one purpose of this provision for the payment of such taxes by the holder of the certificate, is to furnish an additional means of actual notice to the owners of the property that the assessment has been levied, that the preliminary sale has been made, and that the certificate has been issued, so that they may obtain such actual knowledge in ample time to redeem."

So it is in these cases. The statute provides that property sold to pay an assessment of an irrigation district may be redeemed within two years, Rem. Code, § 6444. The requirement that the treasurer of the county, who, as ex-officio treasurer of the district, makes a sale, shall file a duplicate certificate thereof with the auditor of the county in which the land is situated, has for its purpose the imparting of actual no-

tice to the owner of the property that a sale has been made and a certificate thereof issued, so that he may obtain by this valuable means such important knowledge in ample time to redeem.

Affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.