## DUTTON v. COTTON.

1. FORECLOSURE: SUMMARY PROCEEDINGS.   Where one of the requirements of chapter 118 of the Code of 1851 could not be complied with in a summary proceeding to foreclose a mortgage, it was the duty of the mortgagee to proceed by action in the District Court; and a sale made in the summary manner therein provided, without a compliance with all the requirements therein expressed, is void.
2. CONSTRUCTION OF REMEDIES.   Laws providing remedies will be con-strued so as to advance the object of the statute when a different con-struction would operate to defeat or destroy a right.

*Appeal from Butler District Court.*

TUESDAY, JUNE 5.

THE facts are stated in the opinion of the court.

*Fletcher & Bannon* for the appellant.

*Norville & Brainard* for the appellee.

LOWE, C. J.—On the 31st day of October, 1857, plaintiff and one Abbott purchased lot 6 in block 3, in the town of Shell Rock in the county of Butler, at a sheriff's sale made in

Dutton v. Cotton.

a summary proceeding to foreclose a mortgage under the first twelve sections of chapter 118 of the Code. A deed was taken from the sheriff and duly récorded.

Cotton was at the time, and continued to remain, in possession. Before the commencement of this suit, which was brought to recover the rents and profits of the premises thus purchased, Abbott assigned all his interest growing out of the use and occupation of the same to plaintiff. The substance of the defense was, that the sale aforesaid was void and contrary to law, and that the defendant was not liable in law for rents and profits, &c. Upon hearing, the court held that the sheriff's deed aforesaid was illegal and inadmissible as evidence, and dismissed the suit at plaintiff's costs. But upon what ground the record does not disclose. We apprehend that the court must have found and adjudged that the sale was void and irregular for the reason that the notices had not been given pursuant to the requirements of the law.

It appears that at the time this sale occurred no term of the District Court had ever been held in Butler county. The law requires that one of the notices of such sale should be put up at that place in the county where the last term of the District Court was held. This of course *was* not done because it *could* not be done, but they were put up at three public places in the county, one of which was the district clerk's office. This irregularity is claimed to have vitiated the sale, and to have rendered the proceedings nugatory, and per consequence the sheriff's deed inadmissible as evidence.

We suppose the power to sell mortgaged premises in the summary manner prescribed by chapter 118 of the Code, only arises when the law authorizing the same has been substantially followed.

In this case an important direction could not be observed, for the reason that no court had ever been held in Butler county; therefore, it would seem to have been the dictate of common prudence to pursue the second method of foreclosing mortgages, indicated in chapter 118, when the difficulty

alluded to would perhaps have not occurred, or if it did, it could have been obviated by the order of the court; at least the sale could have been conducted under the supervision and direction of the court and the rights of the mortgagor duly protected.

The power to deprive a man of his property, without the intervention of the processes of the law of procedure, is to some extent an extraordinary, not to say a severe power, which should not be exercised except in the particular method prescribed by law. If we sustain the sheriff's sale and deed in this case we would go beyond the law and sanction an omission to comply with one of its important requirements. This we are unwilling to do, particularly as the plaintiff had another plain remedy, which we think he should have pursued. In the absence, however, of such a remedy and rather than there should be a failure of justice, we do not say that under some circumstances we would not so construe the existing execution law in question as to advance the remedy, if a different construction should have the effect to defeat and destroy a right. Yet under the circumstances attending this case, we think it safest to hold, that inasmuch as the sheriff, without any fault of his, did not do those things which under the law conferred upon him the power to sell, that the title of the defendant to the premises mortgaged was never divested; of course the right to recover rents and profits never accrued to plaintiff, and his action therefore must fall to the ground.

Judgment affirmed.