## Sears v. Livermore.

1. **Power of sale: EXECUTION.** The purchaser of property sold in the execution of a power of sale, is charged with notice of the extent of the power, and is bound to see that it has been pursued.

2. —— JURISDICTION. In ascertaining whether or not a power has been properly exercised or followed, no question of jurisdiction is involved as in judicial sales.

3. —— MUST BE STRICTLY PURSUED. It is a fundamental rule that the directions in a power of sale must be strictly pursued, and deviation therefrom in the execution of the power will invalidate the sale.

4. —— APPLICATION OF THE RULE. A deed containing a power of sale provided that notice should be given by posting the same on the front door of a certain hotel; it was posted near the door, but not on it. *Held*, that it was not a sufficient compliance with the power.

5. —— That the proprietor of the hotel refused to permit the posting of such notices on the door of his house, would afford no excuse for disregarding the terms of the power.

*Appeal from Jackson District Court.*

FRIDAY, OCTOBER 21.

IN EQUITY, to set aside a sale under a trust deed. The deed was made to Schrader, to secure a debt to Livermore. Livermore assigned the same to Vorling, who sold to Elvira Hunt, and she bought the premises at the sale by the trustee. The trust deed authorized the trustee to sell, after giving "twenty days' notice, by posting an advertisement *on the front door of the Goodenow hotel*, in the village of Maquoketa, in said Jackson county." The bill denies that said notice was thus posted, but alleges that "it was upon a board standing against the side of said hotel." Schrader, in his answer, denies this averment, but says the notice was posted "on a board within the portico of the front door of said hotel, and within a few feet of said door, said board being fastened to said building, and being the usual place of posting notices, the proprietor of said hotel refusing the privilege of posting 'upon the door.'" One witness testifies, that the notice was "posted on a board, standing against the side of the building." Another, that there were "two usual places for posting notices ; one on a small board fastened against the building, and one on a large board, standing on the outside of the building and leaning against it." A third says, the notice was "either on the casings of the door of the hotel, or on a board by the side of the door." The court below held, that the notice of sale did not comply with the terms of the trust deed ; set aside and canceled the deed made by the trustee to Mrs. Hunt; from which she appeals.

*Charles Rich* for the appellants.

*Charles M. Dunbar* for the appellee.

WRIGHT, Ch. J.—It is very obvious that the vital question in this case is, whether the power of sale conferred by the deed was so executed as to pass the title to the purchaser.

Pertinent to this inquiry, the following familiar rules of law may be stated. The appellant takes under the execution of a power, and of course under its authority, just as if the power, and the instrument executing it, had been incorporated in the same deed. Her title rests upon the act creating the power, and takes effect as if created by the original deed. *Marlborough* v. *Godolphin*, 2 Ves., 78; *Cook* v. *Duckerfield*, 2 Atk., 562; *Doolittle* v. *Lewis et al.*, 7 Johns. Ch., 45. The authority to sell being derived from the power, it follows that the purchaser is bound to look for, and to understand the extent of such power; or, as elsewhere expressed, "taking under the power, he is bound to see that its terms are complied with." *Ormsby* v. *Tarascon*, 3 Litt., 410. And, of course, in this, as in all other contracts, the object and design of the parties should be kept strictly in view, in ascertaining the nature and extent of the power.

1. POWER OF SALE: execution.

The authority and its exercise are matters of contract. In ascertaining whether the authority has been properly exercised or followed, it is not a question of jurisdiction, as in judicial sales, for it is not from the courts, but from the contract or agreement of the parties, that the power is derived. Hence the cases of *Morrow* v. *Weed et al.*, 4 Iowa, 78, and others, discussing the same question, cited by appellant's counsel, have no application.

2. —— Jurisdiction.

In *Powell et al.* v. *Tuttle et al.*, 3 Com., 401, HARRIS, J., in speaking of an analogous question, says: "It is a familiar rule of law that a special authority must be strictly pursued. When such authority is prescribed by statute, and when in its exercise it operates to divest the citizen of his property, courts cannot

3. —— Must be strictly pursued.

be too sedulous in confining it within the boundaries which the legislature have thought fit to prescribe. At this day, and in this country, especially, the protection of private rights demands this safeguard; and he who will review the adjudications of our courts, involving this principle, will be interested to observe with what uniformity and increasing jealousy the exercise of such a power has been restricted to its own specified limits." And in the same spirit, it is said in *Sharp* v. *Johnson*, 4 Hill, 99, that, " When lands are to be taken under a statute authority, in derogation of the common law, every requisite of the State, having the semblance of benefit to the owner, must be strictly complied with." And the rule is even more strict when the authority is found wholly in the contract of the parties. Says a late writer upon this subject, reviewing and summing up the authorities: " The principle is undisputed and fundamental that directions in powers of sale must be strictly, literally and precisely pursued, and admit of no equivalent or substitution, however unessential they might otherwise have been." Law Reg., vol. 2, N. S., 714. If the manner of its execution is particularly prescribed in the deed, this must be followed. The designation of a specific mode negatives the right to follow any other. Mr. Justice WASHINGTON, in speaking of the duty of the trustee to conform, in making the sale, to the terms of the power under which he proposed to act, says: " This was the test of value, which the grantor thought proper to require, and it was not competent for the trustee to establish any other, although by doing so he might, in reality, promote the interest of those for whom he acted." *Greenleaf* v. *Queen et al.*, 1 Pet., 144, and see 4 Kent, 148 and 190; *Dutton* v. *Cotton*, 10 Iowa, 408; *Burnet et al.* v. *Deniston et al.*, 5 Johns. Ch., 35; *Wallis* v. *Thornton*, 2 Brock., 422.

But without further recurring to principles, we come to the facts of the case before us. The deed required that

**4. —— Application.** notice should be given by posting the same "*on the front door of the hotel.*" It is quite conclusively shown that it was not thus posted. Exactly where it was placed, does not very clearly appear from the testimony. It was either on the large or small board referred to by one witness; on a board within the portico, and within a few feet of the door, as stated in the answer of Schrader; on the casings of the door, or on a board standing against the side of the building, according to the recollection of other witnesses. Whether the notice was ever seen by plaintiff does not appear, nor is it material. For notice to the world, in the manner prescribed in the deed, is as important to the grantor, and as much the object of requiring notice at all, as notice to him. Now, can it be said that the trustee strictly and precisely followed the directions of his power? If putting a notice upon a board standing against the side of the building, is a notice upon the door, then he did; otherwise not. The weight of the testimony shows that the notice was thus given, and we so find. That witnesses differ (no two of them agree) as to where the notice was placed, ought, of itself, to lead a court to hesitate long before divesting a citizen of his property, upon a proceeding harsh and severe in its nature, and therefore required to be carried on in strict conformity to the deed. The fact being found as above, however, all fair cause for hesitation is removed, and plaintiff's equity is apparent.

For, if posting in one place is the same as posting in another, or if the doing of one thing is the same as something else (where a strict, and not a substantial compliance is demanded), the plaintiff is without remedy; otherwise not. That notice of the sale was thus more generally known, and more persons called to the sale, than if given according to the terms of the deed, can make no difference. The parties agreed upon one notice, at one place, and for twenty days. Suppose the trustee posted a thousand notices

in as many different places in the county, for three months, and had publication made for the same time in the two newspapers of the town of Maquoketa, but failed to place an advertisement at the place required by the deed, would this be a compliance with the power? Could it be said, there was no prejudice; that all this tended to, and probably did promote the grantor's or debtor's interest, and therefore the sale should be upheld? If so, then the contract amounts to nothing. If so, then a party can just as well be brought into court by having the sheriff, and all the constables in the county, and a hundred of his neighbors, tell him that an action is pending; can just as well be concluded by such notice, as by that required by the statute. Such notice might give him vastly more information than an ordinary "summons," or the "notice of the statute;" but the cardinal trouble is, that it is not what the law requires; and there can be nothing equivalent to this; the law allows no substitute. To the parties, under such an instrument as this, the contract furnishes the law. Without the notice which they have agreed upon, there is no power to sell; there is no *jurisdiction*.

That the proprietor of the hotel would not permit such notices to be posted on the door, cannot affect the question. The creditor was not without remedy. The courts were open to him to foreclose his trust deed as an ordinary mortgage. *Dutton* v. *Cotton*, 10 Iowa, 408, is in all forms with this, as to this question. There the law required that one of the notices of a mortgage foreclosure (by the strict method as it is termed) should be posted at the place where the last term of the District Court for the county was held. At the time of the sale, no term had been held in the county where the sale took place, and of course the sheriff could not comply with the law. Three notices were put up, however, one of them being at the office of the District Court clerk. The sale was set aside, and the party turned

over to his remedy of foreclosure. Let the present creditor pursue the same course, if the debt is not paid and the trustee *cannot* give notice required by the deed.

Affirmed.