Day, J.
The only question presented in this case is whether the notice of sale was sufficient. The trust deed requires the trustee to advertise the property in some *299 newspaper printed in Scott county, at least twenty days. Notice was given by four insertions in a weekly paperj'tlie" first insertion being twenty-tliree, and the last two, days before the sale. Appellant claims that the notice should have been inserted in twenty issues of a daily paper. "We concede the law to be, as recognized in Sears v. Livermore, 17 Iowa, 300, that directions in powers of sale must be strictly, literally and precisely pursued. Have the directions in this case been so followed ? In the case of L^efler v. Armstrong, 4 Iowa, 4S2, the deed of trust required thirty days’ notice, by advertisement in some newspaper printed in Burlington. Notice was given by publication, in a weekly newspaper, in the issues of the 8th, 15th, 22d and 29th of April, and the 8th of May. The sale occurred on the 8th of May. The court held that publication in a given issue imparted notice upon the day of publication, and for every day intervening until the next issue; and that, as the publication was continued in successive issues, and thirty days intervened between the first publication and the day of sale, thirty days’ notice of the sale had been given. In that case no daily paper was published in Burlington at the time of the sale, and herein are the facts of that case distinguished from this. It is not, however, believed that any importance is to be attached to that fact. "What constitutes notice for a given number of days is a substantive, independent fact. If an advertisement in a weekly newspaper imparts seven days’ notice when no daily paper is published in the county, does it do less when such daily is published ? If so, for what reason ? And if, in this case, the advertisement in one weekly issue imparted notice for seven days, then did the advertisement in four weekly issues impart notice for at least twenty days, and the direction in the power of sale has been “ strictly, literally and precisel/y pursued.”
The trust deed requires a publication for twenty days in some newspaper. If the grantor intended a publication in . *300 a daily, he could have so specified in the deed. Failing to do so he leffc^the trustee the option 'to select either a daily- or a weekly papier. No complaint should be made if the power conferred in the deed of trust has been pursued. The decree is
Affirmed.
Cole, C. J., not concurring.