HORATIO LYON, CHARLES B. KITRIDGE, WILLIAM N. FLINT ET AL. v. JOHN BRUNSON ET AL.

*Chancery—Testimony of non-residents—Proceedings to vacate foreclosure sale—Notice of motion to amend—Laches.*

Where the witnesses in a chancery cause reside in a county other than that in which the suit is pending, the practice allows the taking of their testimony in the county where they reside.

Defendants seeking to set aside a sale in a foreclosure case must move promptly after they become aware of the facts of which they complain.

When defendants claimed that a case was not called for hearing at the term for which it was noticed, but that a decree was nevertheless entered against them, and it appeared that they were served with

notice of an application to amend the decree at a subsequent term, but did not appear, *held*, that if they intended to object to the decree as irregularly entered they were chargeable with laches in not moving when the application to amend was made.

Appeal from Berrien. Submitted April 13. Decided April 19.

FORECLOSURE. Petition to set aside sale. Complainants appeal from the order granting the petition.

*Melville McGee* for complainants. Proceedings to vacate decrees for irregularities must be taken promptly: *Johnson v. Johnson* Wal. Ch. 309 ; *Bullard v. Green* 10 Mich. 268 ; *Goodwin v. Burns* 21 Mich. 211 ; an enrolled decree can only be set aside on bill of review: *Maynard v. Pereault* 30 Mich. 160 ; *Mickle v. Maxfield* 42 Mich. 304.

*Potter & Potter* for defendants.

COOLEY, J. This is a foreclosure suit. After decree entered for the complainants, sale was made under it, and subsequently on petition of the defendant it was set aside. From the order setting it aside appeal is taken by the complainants and also by the purchasers.

From the petition it appears that defendants had filed an answer in the case, and after the cause was put at issue, complainants' solicitor gave notice for the taking of testimony before a commissioner in a different county from that in which the suit was pending. Defendants' solicitor, not recognizing the right to take testimony out of the county, paid no attention to this notice; and one of the supposed errors in the proceedings on which the petitioners rely, is the taking of testimony under this notice. But it is familiar practice to take the testimony of witnesses in chancery cases in the county where they reside; and there is no doubt of the right.

Another objection is that the defendants' solicitors had no notice of final hearing. They admit, however, that notice of hearing was served upon them for the October term of the court, 1880, but they say that they watched the proceedings of that term and were not aware that the case

was ever called up. The decree entered in the cause is entitled of the October term, and recites that it was made after an argument in which defendants' solicitors participated, but it was not actually filed until the January following; and an error in it being then discovered, complainants' solicitor served notice of an application to correct it for the March term, 1881. No notice was taken by defendants of this application, and the decree was corrected. If defendants had in fact been taken by surprise in the previous proceedings, this application afforded them an opportunity to make known the fact and have errors and especially the false recital in the decree corrected, and if they expected to rely upon previous errors, they were guilty of laches in not moving at the March term. The only excuse now made for their delay is that they supposed the appearance on that application would operate as a waiver of rights; but it is scarcely credible that this is seriously presented. It certainly does not deserve serious consideration.

A sale was made under the decree May 31, 1881, and the petition to set it aside was presented August 8, 1881. It is manifest from these dates that if defendants had anything to complain of in the proceedings antedating the sale they had ample opportunity to interpose objections and have the sale stayed, and they ought to be able to present some very satisfactory reasons for permitting a sale to be made under such circumstances if they intended to contest it afterwards. But they give no excuse whatever, and have therefore no equity for relief unless it is to be found in the sale itself.

The complaint of the sale is that the lands were sold for an inadequate price. The showing is not satisfactory, and when all the affidavits are considered, we do not think any fair case has been made against the sale. Moreover some of the defendants have released since the petition was presented.

We think the order setting aside the sale should be vacated with costs.

The other Justices concurred.