This is an action by the plaintiff as mortgagor, for an accounting and to redeem. The issues raised by the pleadings were by consent referred to Hon. F. A. Daniels, and the following facts are found by him, to which no exception is taken:
On 3 April, 1900, the defendant, Amos F. Becton, conveyed to the plaintiff, E. E. Eubanks, the tract of land described in the complaint, for the consideration of $1,000.
On the same day the plaintiff and his wife executed and delivered to said Becton their ten bonds for the purchase money, in different amounts and payable 1 January, 1901, and annually thereafter up to and including 1 January, 1910; and to secure the payment of the same they also executed and delivered to said defendant a mortgage upon the said land, which was duly proven and registered in said county, and in which it is provided, "that if default should be made in the payment of either of said sums of money, or any part thereof, the said parties of the(232) first part in such case do hereby authorize and fully empower the said party of the second part, his heirs, executors, administrators, and assigns, to sell the said hereby granted premises at public outcry at the courthouse door in Trenton, Jones County, after first advertising the same for thirty days at the courthouse door and four other public places in Jones County, and convey the same to the purchaser in fee *Page 195 
simple, and out of the moneys arising from said sale to retain the principal and interest which shall then be due on the said bonds."
On 30 December, 1901, the first note not being paid, the defendant, purporting to act under the power of sale contained in the mortgage, offered for sale at the courthouse door in Trenton, North Carolina, the lands described in the said mortgages, after advertising the said sale by posting notices for thirty days at the courthouse door and three other public places in Jones County, when and where one J. A. Smith, being the highest bidder, was declared the purchaser at the price of $1,000; that the said Smith transferred his bid to the defendant Heath, who rented said land to the plaintiff Eubanks for the years 1902, 1903, and 1904, and received the rent therefor; that at the time of such renting the plaintiff did not know of any irregularity in the sale; that on 7 November, 1902, the said Becton executed a deed to said Heath, purporting to convey said lands, in consideration of $1,000, in which deed there is no reference to the said mortgage or the power contained therein; that about February, 1904, the said Becton executed another deed to the said Heath, purporting to convey said land, in which it is recited that the sale was made after advertisement at the courthouse door and three other public places, and that the deed is made pursuant to the execution of the power in said mortgage.
The referee stated the account between the parties to which there is no exception.
The report of the referee was confirmed, and from a judgment in accordance therewith the defendants appeal.
The right of the plaintiff to redeem depends upon (233) the validity of the sale made under the power contained in the mortgage, executed by him.
If the sale can be upheld, the defendant Heath is the owner of the land, and if not, the deed to him is operative only as an equitable assignment of the notes and mortgage, and the plaintiff, nothing else appearing, is entitled to an accounting.
The sale is attacked by the plaintiff upon two grounds: (1) That the mortgage, although containing a provision that the land may be sold upon failure to pay either note, does not provide that upon such failure the whole indebtedness shall become due, and that, therefore, no sale could be made until the maturity of the last note. (2) That the mortgage requires the notice of sale to be posted at the courthouse door *Page 196 
and four other public places, and it was in fact posted at the courthouse door and three other public places.
(1) The mortgage contains the express stipulation that the land may be sold upon failure to pay either note, and requires the proceeds of sale to be applied to "the principal and interest which shall be then due on the said bonds." The language is clear and the intention of the parties easily ascertained, and we must give effect to it. It is permissible to provide that the whole debt shall become due upon failure to pay any part, but not essential to the exercise of the power of sale. Gore v. Davis, 124 N.C. 234.
(2) The second question is more serious. Powers of sale in a mortgage are contractual, and as there are many opportunities for oppression in their enforcement, courts of equity are disposed to scrutinize them, and to hold the mortgagee to the letter of the contract. If a different view should prevail, and we could dispense with some stipulation in the power because we could not see that injury had ensued from failure to observe it, we could practically destroy the contract of the parties.
The view taken by the courts of such powers is illustrated by what is said in Kornegay v. Spicer, 76 N.C. 97: "The idea of allowing the mortgagee to foreclose the equity of redemption by a sale made by himself, instead of a decree for foreclosure and a sale made under the order of the court, was yielded to, after great hesitation, on the ground (234) that, in a plain case, when the mortgage debt was agreed on and nothing else was to be done except to sell the land, it would be a useless expense to force the parties to come into equity when there were no equities to be adjusted, and the mortgagor might be reasonably assumed to have agreed to let a sale be made after he should be in default. But this power of sale has always been watched with great jealousy." And in Shew v. Call, 119 N.C. 453: "Mortgages with power of sale are not looked upon with disfavor as they once were. But courts of equity, or of equitable jurisdiction, will still guard the rights of the mortgagor with jealous care." And in Flemming v. Barden, 127 N.C. 217: "The practice of inserting powers of sale in mortgages was recognized by this Court with great reluctance, and has always been regarded with extreme jealousy, but not now with the same disfavor."
In Brett v. Davenport, 151 N.C. 59, the effect of failure to advertise according to the terms of the mortgage was directly involved, and JusticeHoke, speaking to that question, says: "Again, it appears that at the time of the first sale, or attempted sale, the property had not been advertised `according to law or as required by the terms of the deed of trust under which he had sold,' and on such facts it is very generally *Page 197 
held, uniformly, so far as we have examined, that a sale would have been invalid. In an instrument of this kind the law is that a statutory requirement or contract stipulation in regard to notice is of the substance, and unless complied with a sale is ineffective as a foreclosure, and even when consummated by deed the conveyance only operates to pass the legal title, subject to certain equitable rights in the purchaser, as of subrogation, etc., in case he has paid the purchase money in good faith."
The decisions in other States seem also to be practically uniform that there must be a strict compliance with the terms of the mortgage before the power can be exercised.
In 27 Cyc., 1465, the rule is stated that, "A power of sale contained in a mortgage or deed of trust must be strictly pursued, and all its terms and conditions complied with, in order to render the sale valid"; and again on page 1466: "It is essential to the validity of a sale under a power in a mortgage or deed of trust, to comply fully with its requirements as to giving notice of the sale"; and on page 1472: (235) "Directions of the statute or of the mortgage as to the length of time the notice must be published, or the number of times it must appear, are imperative, and a sale made without strict compliance therewith is invalid and passes no title"; and the text is supported by the cases cited in the notes. Thornton v. Boyden, 31 Ill. 210; Bigler v. Waller,81 U.S. 304; Hall v. Towne, 45 Ill. 495; Shillaber v. Robinson,97 U.S. 77; Sears v. Livermore, 17 Iowa 297; Preston v. Johnson,105 Va. 240.
In Sears v. Livermore, supra, it was held that a sale under the power in a mortgage was invalid, when the mortgage required the notice to be posted on the door of a hotel, and it was posted nearby, because of the refusal of the proprietor of the hotel to permit it to be placed on the door; and this was approved in Preston v. Johnson, supra, in which the Court quotes with approval what is said by Mr. Freeman in a note to Tyler v. Herring, 19 Am. St., 263, as follows: "Where the instrument creating the trust has given directions concerning the mode of sale, they must be substantially pursued. Any direction regarding the notice of sale is material, and the trustee is not at liberty to disobey it. His sale made without complying with it will, in most jurisdictions, be regarded as either absolutely void or as liable to be vacated upon complaint of any person interested in the execution of the trust."
In Moore v. Dick, 187 Mass. 208, a sale was declared void when the notice of sale, instead of being published in a certain weekly newspaper named in the power of sale, was published in a daily newspaper of another name, printed by the same proprietor and issued from the same office, and the Court says: "It is familiar law that one who sells under *Page 198 
a power must follow strictly its terms. If he fails to do so, there is no valid execution of the power, and the sale is void."
This case was approved in Chace v. Morse, 189 Mass. 561, and the Court there distinguishes between irregularities which avoid the sale and those that do not. The Court says: "The distinction between the two classes of cases has not been very clearly defined, and the decisions in the different jurisdictions do not entirely agree. It has repeatedly been said that, in order to make a valid sale under a power in a (236) mortgage, the terms of the power must be strictly complied with. Roarty v. Mitchell, 7 Gray, 243; Smith v. Provin, 4 Allen, 516;Bigler v. Waller, 14 Wall., 297; Shillaber v. Robinson, 97 U.S. 68. Where the sale is to foreclose a mortgage for a breach of the condition, there is no authority to sell unless there is a breach, and an attempted sale would be without effect upon the right of redemption. So, where a certain notice is prescribed, a sale without any notice, or upon a notice lacking the essential requirements of the written power, would be void as a proceeding for foreclosure. Moore v. Dick, 187 Mass. 207. But if everything is done upon which jurisdiction and authority to make a sale depend, irregularities in the manner of doing it, or in the subsequent proceedings, which may affect injuriously the rights of the mortgagor, do not necessarily render the sale a nullity."
Perry on Trusts, sec. 602p and 602q, declares the same principle. It says: "It must be constantly borne in mind that the power of sale given in the deed or mortgage must be strictly followed in all its details. The power of transferring the property of one man to another must be followed strictly, literally, and precisely. Such a power admits of no substitution and of no equivalent, even in unimportant details. If the power contains the details, the parties have made them important; and no change can be made even if the mortgagor would be benefited thereby, nor if a statute provides a different manner. If the power is not executed as it is given, in all particulars, it is not executed at all, and the mortgagor still has his equity of redemption." "If the power is notice, and the manner of giving it, whether by posting in public places or by advertising in a newspaper, are prescribed in the power, they must be strictly followed; and if the particular place of notice is named, notice must be posted in that place; if the newspaper is named, publication of notice must be made in that paper. It is not necessary to give other notice of the sale than that prescribed in the power, but it is necessary to follow the power in good faith. If the notice named in the power cannot be given, as if the newspaper named has ceased to be published, the mortgagees cannot sell without recourse to a court of equity."
It will be noted that the mortgage before us and the sale *Page 199 
thereunder antedate the act of 1905, which is now a part of section (237) 641 of the Revisal, providing that no sale shall be made under a mortgage, etc., thereafter executed, until notice of such sale shall be posted at the courthouse door and three other public places, and the effect of that statute is not before us.
We conclude, therefore, that we cannot disregard the requirements of the mortgage, and that the sale is invalid, because notice thereof was not given in accordance with its terms.
If the sale is invalid, the purchaser Heath had notice thereof, because it is recited in his deed that notice of sale was posted at the courthouse door and three other public places, and as the mortgage is a necessary link in his chain of title, he is charged with notice that it required a publication at four other public places. Thompson v. Blair, 7 N.C. 591;Holmes v. Holmes, 86 N.C. 209.
The defendants contend, however, that if it is held that it was necessary to publish the notice of sale at four other public places, the failure to do so is an irregularity, that the sale was not absolutely void, and that the plaintiff by acquiescence has ratified the sale, or by renting from the purchaser is estopped to deny its validity.
It is true that the mortgagor may, by acquiescence in the conduct of the sale, be precluded from questioning its irregularity, Lunsford v. Speaks,112 N.C. 612, but there can be no acquiescence without knowledge, and it is a fact established in this case that the plaintiff did not know of the irregularity in the sale at the time he rented from the purchaser, nor until a short time before this action was commenced.
In Pence v. Langdon, 99 U.S. 578, it is said: "Acquiescence and waiver are always questions of fact. There can be neither without knowledge. The terms import this foundation for such action. One cannot waive or acquiesce in a wrong while ignorant that it has been committed. Current suspicion and rumor are not enough. There must be knowledge of facts which will enable the party to take effectual action. Nothing short of this will do," and the plaintiff cannot be held to be negligent in assuming the sale to be regular, when the presumption is that it was advertised according to law. Lunsford v. Speaks,112 N.C. 612; Cawfield v. Owens, 129 N.C. 288. (238)
Nor does the rental of the land estop the plaintiff from asserting his equity to redeem. At the time he rented, he thought the sale was regular, and he entered into the contract of rental in ignorance of the fact that he had the right to redeem; but aside from this, the relation of mortgagor and mortgagee being established, a court of equity would give effect to such an agreement only so far as is necessary to protect the rights of the mortgagee. *Page 200 
The rights of the mortgagor in possession are almost identical with those of a vendee in a bond for title, and it has been held repeatedly that, while the vendee may, under some circumstances, rent from the vendor, and thereby confer the right to enforce payment of the rent under the landlord and tenant act, that this alone does not impair the equity in the vendee, and that the rents collected must be applied to the debt. Taylor v.Taylor, 112 N.C. 27; Crinkley v. Edgerton, 113 N.C. 444; Jones v.Jones, 117 N.C. 257.
We conclude, therefore, that there is no error, and the judgment must be affirmed.
This result does not seem to be unjust to the purchaser, as he has received more from the plaintiff and the land than he agreed to pay the mortgagee.
Affirmed.
Cited: Hinton v. Hall, 166 N.C. 480; Ferebee v. Sawyer, 167 N.C. 201;Banking Co. v. Leach, 169 N.C. 716.