C. L. AND A. L. HINTON, EXECUTORS, V. CALEB HALL AND
W. L. COHOON.

(Filed 16 September, 1914.)

1. Mortgages — Registration — Fraud — Trials—Evidence—Attorney
   and Client.

   Where the owner of lands takes a mortgage to secure the balance of the purchase price, but holds it and has it registered subsequent to the registration of another mortgage the purchaser has made and executed thereon, and the later made but prior registered mortgage is attacked for fraud and failure of consideration, it is competent for the attorney of such mortgagee to testify, in corroboration of his evidence as to the *bona fides* of the loan, that he had loaned as such attorney the money out of funds of his client in his hands for the purpose, and had made many transactions of a similar character for him.

2. Deeds and Conveyances—Acknowledgments—Privy Examination
   —Notaries Public—Interests.

   The mere fact that the notary public taking the acknowledgment of the grantor in a mortgage deed to lands, and the privy examination of his wife, is a brother-in-law of the mortgagee does not disqualify him, for interest, to act as such notary, nor is he disqualified by the fact that under agreement with the mortgagor he received a certain part of the money loaned, in payment of obligations of the mortgagor to his wife and himself.

3. Mortgages — Sales—Advertisements—Irregularities—Notice—Immediate Purchasers—Remote Grantees—Chain of Title.

   While the immediate purchaser at a sale of lands under mortgage is required to see that proper advertisement of the lands has been made, this does not apply to subsequent or remote grantees of the land, for they acquire a good title if the recitals in their chain of title appear to be regular. *Eubank v. Becton,* 158 N. C., 230, cited and distinguished.

4. Mortgages—Sales—Advertisements—Irregularities—Second Mortgagee—Measure of Damages.

   Where there are two or more mortgages on the same land, and by a sale under the first mortgage, not advertised according to its terms, the lands have been acquired by subsequent grantees without notice of the irregularity, the second mortgagee may elect to sue the first mortgagee for any damage which he has

suffered on account of the irregularity, the measure thereof being the difference between the amount due under the first mortgage and the value of the land at the time of the sale.

5. Issues.

Where the trial judge has submitted to the jury issues upon the controverted facts which are fully determinative of the rights of the parties, his refusal to submit additional issues will not be held for reversible error.

APPEAL by defendant from *Ferguson, J.,* at December Term, 1913, of CAMDEN.

*Aydlett & Simpson for plaintiffs.*
*Ward & Thompson and Ehringhaus & Small for defendants.*

CLARK, C. J.　The plaintiffs' intestate, J. L. Hinton, conveyed to the defendant Caleb Hall a tract of land on 11 July, 1908, and Hall executed a mortgage to Hinton on the same date to secure the purchase money.　The deed to Hall was recorded at once, but his mortgage back to Hinton was not registered till 23 August, 1909.　In the meantime, on 5 February, 1909, Hall and wife executed a mortgage to D. E. Williams to secure a loan of $800, and this was recorded at once.　The acknowledgment and privy examination to this were taken before W. L. Cohoon, the brother-in-law of D. E. Williams, who made the loan as agent for Williams.

On 26 April, 1910, Williams, the mortgagee, sold under the power of sale in said mortgage and executed a deed to the purchaser, Margaret W. Cohoon, which was duly recorded.　On 29 December, 1910, Margaret W. Cohoon and husband, W. L. Cohoon, executed to A. E. Cohoon a deed for the same property, which was duly registered.　On 31 January, 1911, A. E. Cohoon executed a deed for the same property to M. N. Sawyer, and on 28 March, 1911, Sawyer and wife executed a deed therefor to Missouri Sawyer.

The complaint alleged that the mortgage deed from Hall to Hinton was a fraud and a sham pursuant to an agreement between W. L. Cohoon and Hall in order to defeat Hinton's mortgage, which had not been recorded; that in fact no loan had been

made Hall by Williams, as set out in the mortgage; that in fact no money was received by Hall; that Cohoon was really the only one interested in the transaction; that the property was not properly advertised at the time of the sale under the mortgage, and hence the sale was null and void to pass title.

The jury, in answer to the issues submitted, found that the defendant D. E. Williams loaned through his attorney, W. L. Cohoon, to Caleb Hall $800, for which the mortgage was given as security; that there was no other irregularity except that in the foreclosure the advertisement was not made in a newspaper published in Pasquotank County; that the value of the land in question at the time of the sale was $1,050; that Missouri Sawyer, and also M. N. Sawyer, from whom she purchased, had no notice of any defect in title or of any irregularity in the foreclosure proceeding.

Upon the verdict the judge held that Missouri Sawyer had obtained a good title to the land; that the irregularity in the advertisement made the sale irregular, and that D. E. Williams and Margaret W. Cohoon were responsible to the owner of the junior recorded mortgage for the difference in the value of the land at the time of the sale, i. e., $1,050, as found by the jury, less $800, the sum secured in the mortgage to Williams.

It was competent for the witness Cohoon, in corroboration of his evidence as to the *bona fides* of the loan to Williams, to testify that he had acted as agent for Williams in many other transactions of this kind, and that he had money on hand of Williams' which he loaned to Hall. W. L. Cohoon had no pecuniary interest in the transaction, and his relation to Williams as brother-in-law did not disqualify him as notary public to take the acknowledgment of Hall and the privy examination of Hall's wife. Cohoon testified that of the $800 loaned Hall, $75 was paid to himself for a debt which Hall owed him and $300 for an indebtedness of Hall to Cohoon's wife for a tract of land.

The court submitted to the jury under proper instructions these matters, and the jury found that there was: a *bona fide* loan of $800 made by Williams to Hall. The fact that out of

this loan Hall agreed to pay certain debts to Cohoon and his wife did not give them an interest in the mortgage, which the jury found was a *bona fide* transaction between Williams and Hall.

The mortgage contained a power of sale, requiring that the property should be advertised by posting notices at the court-house door and three other public places in the county for thirty days, and also by publishing said notice for four weeks in some newspaper in Elizabeth City. It was in evidence that the advertisement was made as thus required, except that there was no publication in the newspaper, and the jury found that there was no other irregularity in the proceeding.

It was true that failure to advertise according to the terms of the power of sale invalidates the sale. *Eubank v. Becton,* 158 N. C., 230. But it is said that such sale is not absolutely void, but will pass the legal title. *Eubank v. Becton, supra; Brett v. Davenport,* 151 N. C., 58. While such sale would be set aside as to the purchaser, a subsequent or remote grantee without notice and in good faith takes a good title against such defects or irregularities in the sale of which he had no notice. 27 Cyc., 1494.

The jury find that Missouri Sawyer and her grantor, M. N. Sawyer, through whom she claims, had no notice of any defect in the title or foreclosure proceeding. As said in *Eubank v. Becton,* they would be affected with notice of any defect which would appear in their chain of title, but this is all. In going to the record to look up this title, they found it recited that due advertisement as in said mortgage prescribed, and by law provided, had been made. In *Eubank v. Becton* the record disclosed that while the mortgage required advertisement in four public places, the trustee's deed recited that it had been made at only three places.

The purchaser at a mortgage sale is required to investigate and is fixed with notice of the defect in advertising or other like irregularity, but this is not true of subsequent grantees, who are required only to look to the recitals in the trustee's deed.

The second mortgagee could elect to sue the first mortgagee

for any damage which he has suffered by any irregularity in making the sale. The most that the second mortgagee could possibly have suffered in this case was the difference between the actual amount of the indebtedness due under the Williams mortgage, which the jury find to have been $800, and the actual value of the land at the time of the sale.

The only other exception is the refusal to submit additional issues; but the issues submitted were fully determinative of the rights of the parties to the action, and this is all that is required. *Kimberly v. Howland,* 143 N. C., 398; *Clark v. Guano Co.,* 144 N. C., 64.

No error.