FOX *v.* JACOBS.

1. EQUITY—MAXIMS.

   Plaintiffs in a court of equity, and seeking equity, must do equity.

2. SAME—FUNCTION OF COURTS OF EQUITY.

   The function of a court of equity is to do justice, not injustice, and it is not to be made an instrument of wrong.

3. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—DEFECTIVE NOTICE —ASSIGNMENTS—VOIDABLE TITLE.

   Title which passed at sale of premises incident to foreclosure of mortgage by advertisement *held*, voidable, but not void, where notice of foreclosure failed to include reference to all recorded assignments from mortgagee to party who foreclosed but such party actually did own all of the mortgage and had right to foreclose and regularity of foreclosure was not otherwise questioned (3 Comp. Laws 1929, § 14428).

4. Same—Foreclosure by Advertisement—Irregularity—Delay of Mortgagor.

    A mortgagor seeking relief from an irregularity in the sale of premises in proceeding to foreclose mortgage by advertisement must act promptly and delay in seeking relief may justify denial of relief.

5. Same—Setting Aside Sheriff's Deed—Laches—Innocent Purchasers—Improvements—Equity.

    Mortgagors who delayed for over 19 months to assert, in a court of equity, that foreclosure proceedings by advertisement were invalid because notice of foreclosure of mortgage failed to include all recorded assignments so as to vest title in holders of mortgagee interest who did foreclose *held*, guilty of such delay as not to be entitled to have sheriff's deed set aside where property had passed into hands of innocent purchasers for value who had made improvements thereon, purchasers at foreclosure sale paid a substantial sum in taxes, plaintiffs have made no offer to do equity at any time, and to award relief to plaintiffs would work an obvious injustice to defendants (3 Comp. Laws 1929, § 14428).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 12, 1939. (Docket No. 81, Calendar No. 40,320.) Decided July 6, 1939.

Bill by Oscar H. Fox and Cora V. Fox against Henry F. Jacobs, John T. Winship, and Richard A. Donovan, trustees for the benefit of former unsecured creditors of Old-Merchants National Bank & Trust Company, Amos Stevens and Clara Stevens, to set aside a sheriff's deed. Bill dismissed. Plaintiffs appeal. Affirmed.

*N. A. Cobb,* for plaintiffs.

*Burritt Hamilton,* for defendants Stevens.

*George F. Gronewold,* for defendant trustees.

North, J. Plaintiffs, husband and wife, seek to nullify a statutory mortgage foreclosure. The fore-

closed mortgage, given by plaintiffs in 1924, was for
a loan of $2,500 and covered real property owned by
plaintiffs in the city of Battle Creek. The mortgagee,
the Old-Merchants National Bank, recorded the
mortgage. The Old-Merchants National Bank &
Trust Company, as successor to the mortgagee, on
June 9, 1934, assigned the mortgage to the Recon-
struction Finance Corporation as security for money
loaned. On the same date the mortgagee also as-
signed the mortgage to defendants Jacobs, Winship
and Donovan, as trustees for the benefit of unsecured
creditors of the Old-Merchants National Bank &
Trust Company; but by an affidavit of the trustees,
recorded in the office of the Calhoun county register
of deeds, it appeared that the trustees' interest as
assignees of the mortgage was subject to the assign-
ment to the Reconstruction Finance Corporation.
Subsequently, April 10, 1935, the Reconstruction
Finance Corporation assigned its rights in the mort-
gage to the trustees.

The mortgage being in default, the trustees, on
May 13, 1935, executed notice of statutory fore-
closure. Plaintiffs by their bill, filed April 12, 1937,
claimed this notice was fatally defective, and there-
fore the foreclosure by advertisement was void and
they are entitled to cancellation of the sheriff's deed.

The only relief specifically sought by plaintiffs is
that the sheriff's deed "be set aside and held for
naught, and plaintiffs be decreed to be entitled to
the possession of the said premises." The ground
upon which plaintiffs assert they are entitled to the
relief prayed is stated as follows in plaintiffs' bill
of complaint:

"Your plaintiffs further show that the said notice
of foreclosure is void and of no effect, by reason of
the fact that it does not describe all of the assign-
ments on record by which the said Henry F. Jacobs,

John T. Winship, and Richard A. Donovan, trustees, did acquire title to said mortgage or could claim the right to foreclosure thereof, and your plaintiffs further aver that the said defendants did not acquire title to the said property as in said notice of foreclosure sale is set forth, and that the power of sale under said mortgage did not become operative on behalf of the said defendants, as in said notice of foreclosure sale is recited.''

The essentials of a notice in statutory foreclosure are particularized in 3 Comp. Laws 1929, § 14428, (Stat. Ann. § 27.1224), which reads:

''Every such notice shall specify,
''1.   The names of the mortgagor and of the mortgagee, and the assignee of the mortgage if any;
''2.   The date of the mortgage, and when recorded;
''3.   The amount claimed to be due thereon at the date of the notice; and
''4.   A description of the mortgaged premises, conforming substantially with that contained in the mortgage.''

The only assignment of title to this mortgage embodied by the trustees in their notice of foreclosure is that it was ''assigned to Henry F. Jacobs, John T. Winship, and Richard A. Donovan, trustees, as evidenced by assignment of mortgage dated the 10th day of April, 1935, and recorded in the office of the register of deeds for Calhoun county, Michigan, on the 19th day of April, 1935, in book 18 of assignments of mortgages on page 277.''

The assignment recorded in book 18, on page 277, is the assignment from the Reconstruction Finance Corporation to the trustees. Appellants urge that inasmuch as the assignment to the Reconstruction Finance Corporation was only as security for the payment of a money obligation such assignment did not carry with it the power of sale embodied in the

original mortgage; and since the notice of fore-
closure makes no reference to the assignment by
which the trustees took title to the mortgage from
the original mortgagee's successor, appellants con-
tend that the notice was fatally defective and the
sheriff's deed given at the subsequent sale was void.

On the other hand appellees assert that there was
strict compliance with the statutory requirement in
every respect. Decision in the circuit court did not
turn upon this issue; but instead the circuit judge
held that even though there was a defect of the char-
acter noted in the foreclosure notice, still the title
conveyed by the sheriff's deed to the trustees who
bid the property in at the mortgage foreclosure sale,
and the title subsequently conveyed by the trustees
to Amos Stevens and Clara Stevens, and another,
was a voidable title; and that plaintiffs by their con-
duct and other circumstances occurring subsequent
to the sheriff's sale are estopped from challenging
the validity of these deeds and, therefore, they are
not entitled to cancellation. If under the record the
determination of the circuit judge is correct, the
decree entered by him should be affirmed and we
need not discuss other questions presented by the
record.

In the instant case plaintiffs are in a court of
equity and, seeking equity, they must do equity. The
function of courts of equity is to do justice, not in-
justice.

"A court of equity is not to be made an instrument
of wrong." *Miller* v. *Cornwell,* 71 Mich. 270, 274.

It appears from this record that appellants had
timely notice of the foreclosure proceedings and in
consequence thereof they gave up possession of the
mortgaged premises at the expiration of the period
of redemption. Under this record there is no ques-

tion but that the trustees at the time foreclosure was instituted owned all of the interest in the mortgage and that they possessed the right to foreclose. The regularity of the foreclosure is not questioned, except in the manner hereinbefore indicated. Under such circumstances we think it must be held that the title which passed to the purchasers at the foreclosure, at the most, was only voidable, not void. A mortgagor seeking relief from an irregularity of this character must act promptly.

"A mortgagor should avail himself in apt time of irregularities in a sale of the premises by the mortgagee under a power in the mortgage." *Hamilton* v. *Lubukee* (syllabus), 51 Ill. 415 (99 Am. Dec. 562).

In a great many cases wherein equitable relief of this character was sought we have said that delay in seeking the relief justifies denial. See *Goodwin* v. *Burns,* 21 Mich. 211; *Truesdail* v. *Ward,* 24 Mich. 117; *Lyon* v. *Brunson,* 48 Mich. 194; *Union Trust Co.* v. *Electric Park Amusement Co.,* 168 Mich. 574; *Walker* v. *Schultz,* 175 Mich. 280; *Smith* v. *O'Dell,* 240 Mich. 185, and *Berg* v. *Hessey,* 268 Mich. 599.

Especially is it true under the facts of this case, the present holders of the title to the property not having been the purchasers at the mortgage sale, that plaintiffs are not entitled to cancellation.

"It was true that failure to advertise according to the terms of the power of sale invalidates the sale. *Eubanks* v. *Becton,* 158 N. C. 230 (73 S. E. 1009). But it is said that such sale is not absolutely void, but will pass the legal title. *Eubanks* v. *Becton, supra; Brett* v. *Davenport,* 151 N. C. 56 (65 S. E. 611). While such sale would be set aside as to the purchaser, a subsequent or remote grantee without notice and in good faith takes a good title against such defects or irregularities in the sale of which he had no notice. 27 Cyc. p. 1494." *Hinton* v. *Hall,* 166 N. C. 477 (82 S. E. 847).

"The original purchaser at a sale by a mortgagee, under a power of sale contained in the mortgage, is chargeable with notice of defects and irregularities attending the sale, and cannot evade their effect. * * * But with remote purchasers the rule is different; all matters *in pais,* affecting the sale, it not being void but only voidable, must be brought home to their knowledge, on a proper case made, sustained by proof." *Hamilton* v. *Lubukee* (syllabus), *supra.*

As bearing upon the question of plaintiffs being equitably estopped from now questioning the validity of the title acquired through the statutory foreclosure, the following facts are important. Plaintiffs gave no intimation to any of the parties concerned that they in any way questioned the validity of the foreclosure until this suit was instituted, approximately 20 months after the foreclosure sale. We are mindful Mrs. Fox testified that sometime in the spring of 1937, when the improvements made on the property by defendants Stevens (hereinafter noted) were nearing completion, she then told defendants Stevens "we are going to do something about the foreclosure." Defendants Stevens denied any such conversation, and the circuit judge said:

"In fact, the evidence discloses that the plaintiffs never raised any question as to the validity of the note and mortgage or the validity of the foreclosure proceedings, prior to the commencement of this suit on April 10, 1937. * * *

"I am of the opinion that the plaintiffs are guilty of such laches as bar them from the relief they now seek in this action. The testimony shows that they had knowledge of the foreclosure and the irregularities in the sale, and have stood idly by for a period of 19 months since said sale until the defendants Stevens, as innocent purchasers for value, have taken possession of and materially improved said property."

On this record we accept this determination as correct. Subsequent to the period of redemption the trustees who had purchased at the sheriff's sale paid taxes on the mortgaged property totalling $648.73. Thereafter and on January 21, 1937, the trustees conveyed the property by deed to Amos Stevens, Clara A. Stevens and Fred Stevens, the latter not having been made a party to these proceedings. The deed to the Stevenses was recorded within a week after its date, they took possession of the property immediately, and proceeded at once to make repairs and improvements on the property. Incident to this they spent $843.97, prior to the commencement of this suit.

It seems too clear for argument that plaintiffs under the circumstances are not entitled to relief in a court of equity in consequence of which they would be enabled to appropriate the benefits from these expenditures of money on this property, especially in a suit where no offer to do equity has been made at any time.

In their brief appellants state that the circuit judge should have treated plaintiffs' bill of complaint as one to redeem "though it contained no specific prayer for that relief and no express offer to pay the mortgage debt." Under this record we think the court was justified in holding that, as pleaded by defendants, plaintiffs were guilty of laches and are estopped from seeking relief which would work an obvious injustice to defendants.

Decree entered in the circuit court is affirmed, with costs of this appeal.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.