GULF REFINING CO. *v.* PERRY.

1. APPEAL AND ERROR—SCAVENGER SALE—MODIFICATION OF DECREE.
   In suit involving title of property which had been sold at so-
   called scavenger sale because of tax delinquency where record
   fails to show necessity for declaring such sale void, provision
   of decree to that effect is set aside.

2. TAXATION—ASSESSMENT A DEBT DUE CITY.
   An assessment for taxes on realty under the general property
   tax law is a debt due from the party in whose name the
   property is assessed to the city in which the property is
   located (1 Comp. Laws 1929, § 3438).

3. SAME—SCAVENGER SALE—PURCHASE BY FORMER MORTGAGORS—
   EQUITY.
   After purchase of two parcels of property from bank which
   had acquired absolute title to them by foreclosure of a mort-
   gage, where tax assessor changed but one parcel to new
   purchaser and the other remained in name of former mort-
   gagors who remained silent, did not pay the taxes assessed
   against it, and then purchased it at so-called scavenger sale,
   since such mortgagors should not be permitted to profit by

Wrongful acquisition of title, see Restatement, Restitution, § 130.

their own wrong, in suit to set aside tax deed such mortgagors are decreed to be trustees *ex maleficio* and required to convey to plaintiffs upon being reimbursed for outlay made at sale.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 8, 1942. (Docket No. 37, Calendar No. 42,122.) Decided November 25, 1942.

Bill by Gulf Refining Company, a Delaware corporation, against Milton H. Perry, Gladys B. Perry, his wife, and the State Land Office Board to set aside sale of land for taxes and to compel defendants Perry to execute a deed of said land to plaintiff or, in the alternative, to have decreed that any title in defendants Perry inure to benefit of plaintiff. Decree for plaintiff. Defendants appeal. Modified and affirmed.

*Shields, Ballard, Jennings & Taber,* for plaintiff.

*Herbert J. Rushton,* Attorney General, and *Elbern Parsons,* Assistant Attorney General, for defendant State Land Office Board.

BOYLES, J. Plaintiff, Gulf Refining Company, filed this bill in chancery to set aside the sale of certain land in the city of Lansing by the State land office board, to declare void a deed of the same to defendant Milton H. Perry, and to decree that any title obtained by him inure to the benefit of plaintiff. Appellant, State land office board, filed answer and motion to dismiss (which was denied), proofs were taken and decree entered for plaintiff. The State land office board appeals from that part of the decree holding that the sale was void. Defendants Milton H. and Gladys B. Perry offered no defense and have not appealed. The facts are not in dispute.

Prior to August 4, 1935, the defendants Milton H.

Perry and Gladys B. Perry were the owners of a certain parcel of land in the city of Lansing, referred to in this case as parcel No. 3. This property was subject to a mortgage to the American State Savings Bank which was foreclosed, the property bid in by the mortgagee whose title became absolute on the date mentioned. Subsequently and on February 13, 1936, plaintiff purchased said property, together with another piece, referred to in this case as parcel No. 2, from said bank and received one deed describing both parcels No. 2 and No. 3. The agent of plaintiff informed the city assessor of the acquisition of the property in question but the assessor changed the assessment as to parcel No. 2 only, and continued to assess parcel No. 3 to defendant Perry. Thereupon, the treasurer, in conformity with the tax roll as it came into his hands, sent out statements on parcel No. 3 to defendant Perry. This resulted in the failure of plaintiff, Gulf Refining Company, to receive any tax statement covering parcel No. 3. Defendant Perry, on receipt of the tax notices, if he did receive them, did nothing. The agent of plaintiff, on receipt of tax notices which covered parcel No. 2 but did not in fact contain any description of parcel No. 3, assumed, contrary to fact, that parcel No. 3 was included in the tax statement and remitted to the treasurer in accordance with such statement, receiving receipts that corresponded with such statement. Said agent in so doing thought taxes were being paid also on parcel No. 3. Defendant Milton H. Perry did nothing to advise either the plaintiff or any public official of the receipt by him of tax statements and nobody paid the 1936 tax on parcel No. 3. Parcel No. 3, being delinquent for the 1936 tax thereon, the auditor general included it in the petition in the regular 1939 tax sale proceeding in Ingham county and same was sold to the State, as required by the terms of the 1939 Ingham county tax sale decree. On ex-

piration of the period of redemption, parcel No. 3 was deeded to the State by the auditor general, as provided by statute,* came under the jurisdiction of defendant and appellant State land office board, was offered for sale by said board at its February, 1941, scavenger sale and struck off to defendant Milton H. Perry for $87.50, that being 25 per cent. of the assessed valuation, there being no higher bidders. Defendant Perry has paid the amount of such bid to the State land office board and received from said board a conveyance of parcel No. 3 so struck off to him.

The principal concern of the defendant State land office board on this appeal seems to be because the decree declares the sale void. On the record before us, the finding of the court below that the sale and the resulting deed are void is not essential to decision and may be set aside. For the purposes of this case, so far as decision is involved, the sale and deed may be allowed to stand. Defendant Milton H. Perry, with full knowledge of the facts and circumstances, concealed the situation from the plaintiff and sought to advantage himself by purchasing parcel No. 3 at the scavenger sale for one-fourth of the appraised value. The tax assessment against defendants Perry was a debt due from them to the city of Lansing.† Perry's personal property was subject to seizure and sale for the amount of the tax. 1 Comp. Laws 1929, § 3438 (Stat. Ann. § 7.91). Under the circumstances of this case, defendants Perry should not be permitted to profit by their own wrong. *Hough* v. *Auditor General*, 116 Mich. 663; *Jacobsen* v. *Nieboer*, 299 Mich. 116.

---

* Act No. 206, § 67a, Pub. Acts 1893, as added by Act No. 114, Pub. Acts 1937, and amended by Act No. 282, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3459–1, Stat. Ann. 1940 Cum. Supp. § 7.112 [1]).—REPORTER.

† See 1 Comp. Laws 1929, § 3429, as amended by Act No. 38, Pub. Acts 1934 (1st Ex. Sess.) (Comp. Laws Supp. 1940, § 3429, Stat. Ann. § 7.81).—REPORTER.

Plaintiff acted promptly upon learning of the situation. Defendants Perry have not attempted to defend, and are not parties to this appeal. The parties before us are not far apart in their present contention. Plaintiff's brief states:

"The plaintiff is not interested in this case in developing abstract principles of law. It is only interested in the practical result of obtaining for itself good title to the land which it has lost through no fault of its own but due to mistake of the assessing authorities of the city of Lansing and the tax collecting authorities, and in no small measure to the defendants Perry, who by their silence upon the receiving of tax statements for the land in question enabled themselves to later profit by their own wrong in acquiring the land at the scavenger sale."

The attorney general, on behalf of the defendant State land office board, concedes:

"We submit that if convinced (contrary to law) that plaintiff had made out a case for relief, a trial court could easily have decreed that defendant Perry hold title to the property which he had acquired from the State land office board as trustee *ex maleficio* for the benefit of plaintiff in accordance with the quotations from the bill of complaint above indicated, could have ordered defendants Perry to convey to plaintiff the title which they had acquired from the State land office board and could have provided that in default of such conveyance said decree should operate in lieu thereof. * * *

" 'The function of courts of equity is to do justice, not injustice.' *Fox* v. *Jacobs,* 289 Mich. 619. 'A court of equity is not to be made an instrument of wrong.' *Miller* v. *Cornwell,* 71 Mich. 270."

Apparently a decree that defendants Milton H. and Gladys B. Perry hold title to the property as trustees *ex maleficio* for the benefit of plaintiff, requiring them to convey to plaintiff, or in default

thereof that the decree operate as such conveyance, would be satisfactory to all the parties concerned. Plaintiff has offered to' pay to the defendant Milton H. Perry $87.50, the amount he paid the State land office board, and the decree should provide for this reimbursement. Such a decree may be entered in this court. No costs awarded, ·a· public question being involved.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.